# Beiser *v.* The State.

## *Rape.*

(Decided May 12, 1914.   65 South. 312.)

1. *Evidence; Relevancy.*—A question to a witness whether she, another witness in the case, and a third party were not out walking together one day, and if the witness did not request the third party to go on ahead, as witness had something to say to the other witness, when not connected with anything in the case, was irrelevant and properly excluded.

2. *Same; Flight of Defendant.*—As a fact connected with the flight of a defendant it was competent to show that the valise, which he had with him when arrested, contained working clothes and the tools and implements of his vocation.

3. *Same.*—Although the state proved flight of the defendant, the court properly declined to permit the defendant to show that others knew of his leaving, since that could shed no light on his conduct in doing so.

4. *Rape; Complaints; Presumptions.*—A witness was properly permitted to testify that the alleged victim made complaints to her three or four days after the alleged rape, it always being permissible to prove the making of such complaints recently after the offense, and also when there is delay, to explain the delay, and in in the absence of evidence to the contrary, it will be presumed that the delay was explained.

5. *Same; Evidence.*—The court properly refused to permit the defendant to show conversation between the mother and brother of the alleged victim, and an effort by them to get possession of the defendant's property just before the prosecution begun; as neither of them were witnesses, and there was nothing to show that either of them had any connection with the prosecution.

6. *Appeal and Error: Harmless Error; Evidence.*—Where it did not appear either by the question itself, or in any other way, what answer was expected, it was not harmful error to sustain an objection to a question that might have been answered responsively either favorably or unfavorably to the party making it.

7. *Charge of Court; Presumption of Innocence.*—The presumption of innocence does not survive the establishment of guilt beyond a reasonable doubt, and hence does not attend a defendant until his guilt is established by the verdict.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

William Beiser was convicted under an indictment charging rape in the first count, and carnal knowledge of, or abuse in attempting to carnally know, Gertrude Maharko, a girl under the age of 12 years, and he appeals. Affirmed.

The facts and exceptions to evidence sufficiently appear from the opinion of the court. The charge referred to is as follows:  .

The law presumes every one accused of crime, and who is under indictment by a grand jury, innocent until his guilt is established by the verdict of the petit jury trying his case; and, even after the state has introduced all its evidence against the defendant, this presumption of innocence remains. The jury, in arriving at their verdict, are confined solely to the evidence before them, and to the law as given them by the judge.

JOHN E. MITCHELL, for appellant. The court erred in permitting proof of complaints made several days after the commission of the alleged offense.—*Lacy v. The State,* 45 Ala. 81. Counsel discussed other assignments relative to evidence and refused charges, but without further citation of authority.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

WALKER, P. J.—The bill of exceptions recites that "it was contended by the defendant that Marion Maharko had attempted to induce Marion Epperson, a witness for the defendant, to testify falsely," but it wholly fails to show the offer or introduction of any evidence having a tendency to sustain such a contention. On the cross-examination of Marion Maharko she was asked by the defendant's attorney if she and Marion Epperson and Mabel Ulster were not out walking together one day, and if witness did not tell Mabel Ulster to go on ahead, as witness had something to say to Marion Epperson. It is not made to appear that error was committed by the court in sustaining an objection to this question. The fact that the witness on the occasion referred to in the question made such a request of one of her companions was glaringly irrelevant, unless it was connected with something concerning this case, or the evidence in it which was said or done at or about the time referred to. The bill of exceptions does not indicate that any such connection was shown or offered to be shown.

It is not made to appear that error was committed by the refusal of the court to exclude the testimony of the witness Mrs. John Bliss to the effect that the alleged victim of the offense charged made complaint to her about it three or four days after the alleged occurrence. It is permissible to prove the making of such complaint recently after the offense is claimed to have been committed.—*Bray v. State*, 131 Ala. 46, 31 South. 107; *Posey v. State*, 143 Ala. 54, 38 South. 1019. Assuming that the admissibility of evidence of such complaint is affected by an unexplained delay of three or four days in making it, such a ground of objection to the admissibility of the evidence does not exist if the delay is explained and excused by proof of sufficient

cause therefor, as, for example, of want of opportunity, or of duress or threats by the perpetrator of the wrong. —Underhill on Criminal Evidence, § 411; 33 Cyc. 1469. The bill of exceptions in the instant case does not purport to set out all the evidence adduced. In support of the ruling of the trial court, it may be presumed that there was such evidence explanatory of the delay as to support the conclusion that the complaint was made promptly after an opportunity to make it was presented.

It was permissible to prove, as a fact connected with the flight of the defendant, which there was evidence tending to prove, that the valise found in his possession when he was arrested contained working clothes and implements suited to his vocation, and to permit the valise and its contents to be exhibited to the jury.—*Allen v. State,* 146 Ala. 61, 41 South. 624.

The bill of exceptions does not show that the defendant in any way informed the court whether he expected a negative or affirmative answer to the question to his witness Felix Beiser "whether the defendant told any member of Gertrude's family that he was going away, referring to the trip of the defendant to Mobile" after the alleged commission of the offense charged. A statement by the witness that the defendant did not tell any member of the girl's family that he was going away would have been responsive to the question. The appellant is not entitled to complain of the exclusion of evidence to this effect. It is not made to appear that the result of the action of the court in sustaining the state's objection to the question was to deprive the appellant of the opportunity of introducing testimony that would have been favorable to him. It is not prejudicial error to sustain an objection to a question a responsive answer to which may be either favorable or un-

favorable to the party asking it when the court is not informed, either by the question itself or in any other way, of the kind of answer which is expected.

The fact that others knew of his leaving had no tendency to shed light on the significance of his conduct in doing so, and evidence of that fact was properly ruled out.

The defendant sought to prove conversations between Mrs. Beiser and William Huber, who were, respectively, the mother and brother of the alleged victim of the offense charged, and the making of an effort by the former to get possession of the defendant's property just before this prosecution was instituted. The bill of exceptions does not show that either of these persons was a witness in the case, or that any evidence was introduced or offered which had a tendency to prove that either of them had any connection with the institution or conduct of the prosecution. The defendant was not entitled to prove what was said or done by persons not shown to have had any kind of connection with the case on trial, and the evidence referred to was properly excluded.

The written charge refused to the defendant asserted a proposition which cannot be approved. If the only permissible inference from the uncontroverted evidence in a criminal case is that the defendant is guilty of an offense included in the charge made against him, it cannot properly be said that the law continues to presume him innocent after the evidence has been concluded and until his guilt has been established by the verdict of the jury. The presumption of one's innocence does not survive the establishment of his guilt beyond a reasonable doubt. An instruction is incorrect which, in effect, asserts that, until the jury's finding that the defendant is guilty is made known by the rendition of their verdict,

they must continue to presume that he is innocent, even after they have agreed upon the verdict to be rendered.

The rulings which have been discussed are the only ones of which complaint has been made in the argument in behalf of the appellant. There is no reversible error in the record. ·

Affirmed.