(101 So. 93)

**THOMAS v. STATE.  (8 Div. 220.)**

(Court of Appeals of Alabama.  June 30, 1924.)

1. Criminal law ⊂369(8)—Admission of evidence of other acts' subsequent to act charged in prosecution for carnal knowledge held erroneous.

Where indictment for carnal knowledge of a girl under 16 years of age charged one act, and state by evidence fixed time of the offense so charged, admission of evidence proving other subsequent acts was error, since each cohabitation constituted a separate crime which did not and could not become merged in each other.

2. Rape ⊂13—Crime of carnal knowledge is complete with one act.

Crime of carnal knowledge of a girl under 16 years of age is complete with one act, and is not affected by consent, and is not dependent upon any subsequent act.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Jack Thomas was convicted of having carnal knowledge of a girl under 16 years of age, and appeals. Reversed and remanded.

A. H. Carmichael, of Tuscumbia, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.  [1, 2] After proving the age of the girl and the venue the state proved an act of carnal knowledge fixing the time between August and September, 1922. The details of this act were inquired into with great minuteness. After this proof had been made, the state, over the objections

and exceptions of defendant, was permitted to make proof of many subsequent acts of intercourse between defendant and the girl. There are many of these exceptions noted in the record relating to and raising the same question, to wit, after the state has by evidence fixed the time of an offense as charged in the indictment, may the state continue to prove other acts between the same parties covering a period of time subsequent to the first act testified to, which acts constitute separate crimes? The crime of carnal knowledge of a girl under 16 years of age is complete with one act, is not affected by consent, and is not dependent upon any subsequent act. Each cohabitation with the infant is a separate crime which does not and cannot become merged into each other. There is in this indictment only one count charging one act, and the prosecution should be confined to proof of the transaction charged. Brooms v. State, 197 Ala. 419, 73 South. 35; Dennison v. State, 17 Ala. App. 674, 88 South. 211. The foregoing view is upheld in Davis v. State, 18 Ala. App. 482, 93 South. 269; Herbert v. State, 201 Ala. 480, 78 South. 386; Pope v. State, 137 Ala. 59, 34 South. 840. The general rule is, as stated in Wharton Crim. Ev.: "Such collateral offense must never be received as substantive evidence of the offense on trial." One of the exceptions to the general rule that proof of other crimes may not be admitted is in prosecution for carnal knowledge of a girl under the age of consent, where the acts of intercourse took place prior to the act charged in the indictment, as tending to sustain the principal charge, but we have been unable to find any authority holding that subsequent acts may be admitted. 22 R. C. L. p. 1205, par. 40.

For the erroneous rulings on evidence, the judgment is reversed, and the cause is remanded.

Reversed and remanded.