(129 So. 323)

### ALLDREDGE v. STATE.
### 7 Div. 665.

Court of Appeals of Alabama.
June 24, 1930.

E. O. McCord & Son, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense denounced by Code 1923, § 5411.

There are apparent but few questions calling for comment.

As said by Judge Samford, in the opinion in the case of Davis v. State, 20 Ala. App. 463, 103 So. 73, 74: "One of the exceptions to the general rule that proof of other acts may not be admitted is in a prosecution for carnal knowledge of a girl under the age of consent where the acts took place prior to the act charged in the indictment, as tending to sustain the principal charge. Thomas v. State [20 Ala. App. 128] 101 So. 93; 22 R. C. L. p. 1205, par. 40. Upon this principle, acts of undue familiarity between the defendant and the girl prior to the act of carnal knowledge complained of, naturally leading towards cohabitation, are relevant and admissible in evidence as tending to corroborate the main fact in issue."

From what we have quoted above, which language we again approve, it is clear that the trial court, in this case, committed no error in allowing, over appellant's objections and exceptions, testimony as to his association, etc., with the girl in question, on the Sunday afternoon preceding the Monday night upon which it was claimed he had intercourse with her.

The written charges requested by, and refused to, appellant have each been examined. In each instance, if the charge is not otherwise correctly refused, the substance of same is fully covered by, or included in, the trial court's oral charge, in connection with the written charges given at appellant's request.

We can find nowhere any prejudicial error, and the judgment of conviction must be, and is, affirmed.

Affirmed.