(131 So. 456)

## SPENCER v. STATE.

### 6 Div. 610.

Court of Appeals of Alabama.

Dec. 16, 1930.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense denounced by Code 1923, § 5411, commonly known as "having carnal knowledge of a girl over twelve, and under sixteen, years of age."

The girl in the case, whom we will designate as the prosecutrix, testified that she had known the defendant (appellant) three or four years, and that on the afternoon of November 1, 1928, she met the defendant in the city of Tuscaloosa, just in the rear of the First National Bank, got into his automobile, and went with him to his gristmill, just across the river from Tuscaloosa, went into his office at the gristmill, and there had sexual intercourse with him. Her testimony, which constituted the whole of that tending to fix guilt upon the defendant of the particular offense for which he was being prosecuted, definitely placed the date and time of the said offense as November 1, 1928, in the afternoon. True, there was some other testimony tending to show prior association, of an ill advised, or perhaps improper, nature, between defendant and prosecutrix. But none of this testimony tended to vary the time and place and date of the offense for which the state elected to put defendant on trial. Its admission was rather upon the principle adverted to by us in the opinion in the case of Alldredge v. State, 23 Ala. App. 577, 129 So. 323, that it tended, to some extent, to support the principal charge. In this state of the evidence, the defendant requested the court to give to the jury the following written charge, to wit:

"(d) I charge you gentlemen of the jury that unless you believe from the evidence, beyond a reasonable doubt that the defendant did, on November 1st 1928, have sexual intercourse, with Edith Caraway, or abused said Edith Caraway, in an attempt to have carnal knowledge with her, then it would be your duty to acquit the defendant."

The trial court refused to give said charge.

We are of the opinion, and hold, that the refusal to give the said written charge (a), just quoted, constituted error for which the judgment of conviction in this case must be reversed.

The testimony as to defendant's prior censurable association with prosecutrix being before the jury, it is easy to see how they may have become confused as to whether or not it was necessary, before they should convict, for

them to be satisfied beyond a reasonable doubt of defendant's guilt of the particular charge upon which the State elected, and announced its election, to seek his conviction, i. e., in the absence of same such instruction as this requested, and refused, written charge (d). We find no such instruction given them.

The other questions apparent are of a simple nature, and will not be considered. Upon another trial they may not arise, at least in their present form.

For the error pointed out, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.