115 So.2d 287

**Youzema DORCH**

v.

**STATE.**

5 Div. 563.

Court of Appeals of Alabama.

Oct. 20, 1959.

Lee & Irby, Opelika, for appellant.

MacDonald, Gallion, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

CATES, Judge.

Dorch appeals from a judgment of the Lee Circuit Court holding him, agreeably with verdict, guilty of robbery for which he was sentenced to ten years' imprisonment. This appeal is from Dorch's second trial: the court before had granted him a new trial.

The defense was alibi and the principal claim of error was the trial judge's admitting evidence of the finding of the victim's door key a week later on a railroad right of way between the victim's store and Dorch's home.

Viewed from the verdict (as we are required to take them) the facts of the State's case can be put as follows:

Mr. Richard Cockrell kept a store on the Opelika Road in Auburn. The morning of May 4, 1957, about 6:40, Dorch came in the store and asked Cockrell if he had change for a twenty dollar bill.

As Cockrell opened the cash register, Dorch, who had his hand in his coat pocket, said, "I have a gun here. I want you to hand me all your money." Cockrell complied, handing over some $83 in currency.

Dorch then demanded the front door key and when he was outside, turned the key, seemingly to lock Cockrell up in his own store.

Walking alone along a railroad track which ran parallel to the Auburn-Opelika road, Cockrell found his store door key "on the ground, towards the Dorch home from my store." He first gave the time of discovery as May 5. On being re-called, after a policeman, Mr. Baker, had testified of being called to the store a week later, Cockrell, on cross-examination, said he found the key May 12.

Baker testified he saw the key at a point midway along the track between Cockrell's store and Dorch's home. There was a path leading by a pig pen then going "around a clump of houses" near the Dorch home.

Dorch testified he was not at Cock-rell's store on the morning of May 4; he stayed home until ten o'clock. His father, mother and wife corroborated this alibi.

The trial judge, denying a motion to exclude, thereby left in evidence the wit-ness Baker's testimony as to Cockrell's showing him the key inside the track. This motion was based on the key's not being found until a week after the rob-bery.

The trial judge cited Busbee v. State, 36 Ala.App. 701, 63 So.2d 290, as sup-porting admissibility. Dorch claims the Busbee case was based on an altogether different degree of remoteness.

The Busbee case was one of reversal because of not admitting testimony of Mr. Frost's finding a knife at the place of the killing six to ten hours afterward. Hence, six to ten hours later (under an issue of self defense) was close enough in time to make the exclusion an abuse of discre-tion.

■ Inadmissibility because of remote-ness is confided largely to the trial judge's discretion. McElroy, Law of Evidence in Alabama, § 21, pp. 6 and 7; 22 C.J.S. Criminal Law § 638.

■ Remoteness is a relative idea and varies in its application according to the facts of each case. Thus, in Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396, evidence of Smitherman's buying dynamite twenty months before he allegedly killed fish with an explosive was wrongly ad-mitted. However, in Malone v. State, 37 Ala.App. 432, 71 So.2d 99, a carnal knowl-edge case, evidence of the girl having a venereal disease two months after alleged intercourse was admitted without error.

■ The weight of evidence removed in time is for the jury and presents food for argument to them. In this instance, we do not consider the trial judge abused his discretion.

■ We have also searched the entire record as we are required to do by Code 1940, T. 15, § 389, and consider the judg-ment below should be

Affirmed.