213 So.2d 664

**Walter R. HUNT**

v.

**STATE.**

**5 Div. 708.**

Court of Appeals of Alabama.

May 7, 1968.

Rehearing Denied June 25, 1968.

H. Gerald Reynolds and Wm. I. Byrd, Alexander City, for appellant.

---

1. This statute of necessity—though without express words—repealed Code 1940, T. 14, § 151.

**480**

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Hunt appeals from a judgment of conviction of carnal knowledge of a girl, his daughter, over twelve and under sixteen years. The trial judge sentenced him to seven years in the penitentiary.

### I.

The tendencies of the State's case were that the defendant made the girl, aged fifteen, have sexual intercourse with him. She testified, too, that from her turning fourteen "up through September" 1966 "it happened so many times I don't remember."

■ Defense counsel objected to the question which elicited this answer. Similar sexual offenses with the same person are admissible on the explanatory issue of showing intimacy between the parties. Under Harrison v. State, 235 Ala. 1, 178 So. 458 (disapproving *sub silentio,* Thomas v. State, 20 Ala.App. 128, 101 So. 93), and Brasher v. State, 249 Ala. 96, 30 So.2d 31, there was no error in the trial court's overruling this objection.

The defendant denied altogether ever having carnal knowledge of the prosecutrix.

The prosecutrix waited nine months after the act charged to complain. The State brought out that Hunt threatened to kill her if she told on him. R. 13. All told, from her testimony, it would seem that this incestuous conduct had gone on for at least eighteen months. The girl did not complain to her stepmother, but to her own maternal grandmother who lived in an adjoining county.

### II.

■ Strictly speaking, complaint in rape and statutory rape is admissible, contrary to the rule requiring the defendant's being present, not to show corroboration (details are not admissible), but to show conduct by the prosecutrix which is consistent.

■ Here the trial judge gave the following written instruction requested by defense counsel:

"* * * the failure to make * * complaint recently after the alleged carnal knowledge, opportunity being present, casts a suspicion on the bona fides of a charge of carnal knowledge."

Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396, is the strongest case to show that the passage of time can render one act irrelevant to another. See Dorch v. State, 40 Ala.App. 475, 115 So.2d 287, and Holloway v. State, 43 Ala.App. 153, 182 So.2d 906.

■ Drawn out delay unexplained might, as a matter of law, make a complaint so stale as to be irrelevant. This would seem to be the rule deducible from *Smitherman,* supra.

However, we consider the State here adduced proof which, if believed to the required degree, could overcome the presumption of staleness caused by the long delay in complaining. Thus, we think that the proof here is closer to that in *Holloway, supra,* than that in *Smitherman.*

In this conclusion we note the following: (a) the relationship of father and daughter affords an inference of the father's being the dominant party who, though perhaps not having here "moral" suasion, may have established a structure of psychological operant conditioning or brainwashing of his daughter; (b) her testimony of his threatening to kill her; and (c) reluctance on her part to complain because of having indulged in incest. Perhaps, too, the relationship between the girl and her stepmother may have impressed the jury that complaining to the latter would have been futile: some women are loathe to lose the breadwinner at any cost.

We conclude that there was no error in refusing the affirmative charge nor in overruling the defendant's motion to exclude the State's evidence. This left the delay and its extenuation to be passed on by the jury with the charge quoted above.

Accordingly, the judgment below is due to be

Affirmed.

## On Rehearing

The defendant-appellant, in his application for rehearing, suggests (and correctly so) that the writer overlooked the testimony of the prosecutrix that she had in fact made complaint to her stepmother. This she did about some three to four weeks before complaining to her grandmother.

Such testimony, claims appellant, tends to show that the prosecutrix was not living in fear of her father's alleged threat on her life if she disclosed the intercourse with him. However, even with this modification of the State's case, essentially the issue was for the jury.

On original delivery we stated:

" * * * Perhaps, too, the relationship between the girl and her stepmother may have impressed the jury that complaining to the latter would have been futile: some women are loathe to lose the breadwinner at any cost."

We note that, for aught appearing, nothing came from the girl's complaining to her stepmother. Indeed, the stepmother denied hearing any complaint "out of any of these children about anything" between September or August, 1966, to May, 1967.

With this extension and modification of the original opinion, the application for rehearing is

Overruled.