217 So.2d 827

**Frank LEACH**

**v.**

**STATE.**

**I Div. 329.**

Court of Appeals of Alabama.

Jan. 14, 1969.

Wm. D. Melton, Evergreen, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a conviction of statutory rape of a female fourteen years of age, appellant's daughter. Code 1940, T. 14, § 399. The jury on conviction set the punishment at the maximum, ten years in the penitentiary.

### I.

The trial judge refused the following charge which appellant tendered in writing:

"I charge you the Jury that where the victim fails to make complaint immediately that this casts suspicion upon her testimony."

We have reviewed Clark v. State, 28 Ala.App. 448, 186 So. 778, and Stewart v. State, 25 Ala.App. 266, 145 So. 162, cited by appellant in brief. However, we find no case which approves the adverb "immedi-

ately" as a proper and necessary modifier of complaint in rape. See Holloway v. State, 43 Ala.App. 153, 182 So.2d 906; Hunt v. State, 44 Ala.App. 479, 213 So.2d 664.

## II.

Also refused were charges reading:

"I charge you the Jury that unless you find that the alleged act occurred on May 11, 1967, you must acquit the defendant."

"I charge you the Jury that unless you find that the alleged act occurred on Thursday May 11, 1967, you must acquit the defendant."

The use of such a charge in Spencer v. State, 24 Ala.App. 140, 131 So. 456, was fitted to the evidence in that case. Here the girl testified that the appellant forced intercourse on her on a Sunday. No other similar acts came in evidence.

As we understand *Spencer,* supra, the charge there refused was in the nature of motion for the State to elect which of plural acts was being prosecuted. Here we find only one.

The judgment below is due to be

Affirmed.