231 So.2d 343

Walter R. HUNT

v.

STATE.

5 Div. 24.

Court of Criminal Appeals of Alabama.

Feb. 3, 1970.

H. Gerald Reynolds, Alexander City, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a denial of a petition for writ of error coram nobis. See Hunt v. State, 44 Ala.App. 479, 213 So.2d 664, cert. denied, 282 Ala. 727, 213 So.2d 666, for appellant's original appeal from his judgment of conviction.

Appellant's only contention in brief is that he was improperly arraigned. He argues that the trial judge's bench notes substantiate his position. Appellant testified that he could not remember whether he was arraigned. This question was not raised on his original appeal. The Clerk of the Circuit Court was called to testify at the coram nobis hearing as follows:

"Q. Now, examining State's Exhibit No. 1, what is the first official entry under pleadings filed and orders and decrees of the court? Read it into the record, Mr. McDaniel, please.

"A. Under date of July the 28th, 1967. The defendant being called for arraignment appeared in open court with his attorney W. I. Byrd and being duly arraigned, indictment of over 12 and under 16 years say I am not guilty. The Clerk will set this case for trial. Signed Albert Hooton, Judge.

"Q. All right, now, Mr. McDaniel, is that entry you have read on the docket sheet for the State of Alabama vs. Walter R. Hunt?

"A. That's right.

*　　*　　*　　*　　*　　*

"Q. I'm asking you for what crime in the minute entry does it recite?

"A. In the minute entry?

"Q. Does it not say 'of over 12 and under 16'?

"A. Yes, sir, under 16 years.

"THE COURT: Is that the minute entry?

"MR. ADAIR: Yes, sir. Bench notes, may it please the court."

Upon checking the official record in this court of appellant's original appeal (5 Div. 708), 213 So.2d 664, we find the following minute entry:

"On this, the 27th day of July, 1967, came the State of Alabama by its District Attorney, and the defendant, Walter R. Hunt by his Attorney, Hon. William I. Byrd. And the defendant is duly and legally arraigned upon the charge and indictment of Carnal Knowledge, and for his plea thereto says that he is not guilty which plea was consented and approved of by his Attorney. This case is set for trial August 8, 1967.

"On this the 8th day of August, 1967, came the District Attorney for the State and also came the Defendant in his own proper person and by his Attorney, it being the day fixed for the trial of this case, and after selecting a jury of good and lawful men in all things as required by law, the indictment was read to the jury in the presence and hearing of the defendant. The defendant then for his plea thereto says that he is not guilty, before the Court and jury.

"Thereupon, came a jury of good and lawful men, towit: Henry Whittle, Foreman and 11 other men, who being empanneled and sworn as required by law, on their oaths do say: We, the jury, find the Defendant, Walter R. Hunt, guilty of Carnal Knowledge of a girl over the age of 12 years and under the age of 16 years as charged in the indictment and fix his punishment at imprisonment in the penitentiary of the State of Alabama for a period of seven years. The defendant was asked if he had anything to say before the judgment was pronounced upon him, defendant says nothing.

"It is therefore ordered, adjudged and decreed that the defendant is guilty of

Carnal Knowledge of a girl over 12 years and under 16 years and it is the judgment of the court that defendant be and he is hereby formally sentenced to imprisonment in the Penitentiary of the State of Alabama for a period of seven years.

"Defendant takes an appeal to the Court of Appeals, it appearing to the court that defendant is indigent, the court appoints Hon. William I. Byrd to represent the said defendant in the trial of this case."

In Lockhart v. State, 34 Ala.App. 297, 39 So.2d 40, this court held:

"A minute entry constitutes the final record of a judgment. It cannot, in a court of record, be impeached or aided by the judge's bench notes, or memoranda, which operate only as a direction to the clerk as to what judgments and orders shall be entered on the court's records. Calvert v. State, 26 Ala.App. 189, 155 So. 389. * * *"

We, therefore, conclude that the judgment appealed from is due to be and the same is hereby

Affirmed.