239 So.2d 329

**Glenn MAC SWAFFORD**

v.

**STATE.**

**7 Div. 46.**

Court of Criminal Appeals of Alabama.

Aug. 25, 1970.

Rehearing Denied Sept. 15, 1970.

Lewis H. Hamner, Jr., Roanoke, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

CATES, Judge.

Assault with intent to ravish; sentence, three years.

## I

The State's evidence on the question of consent or not is diametric to that of the defense. The prosecutrix made complaint within five or six hours. Holloway v. State, 43 Ala.App. 153, 182 So.2d 906; Hunt v. State, 44 Ala.App. 479, 213 So.2d 664. Thus, we hold the verdict is not due to be set aside as a matter of law.

## II

The jury was out 45 minutes and reported back as to their being deadlocked. The court reporter's transcription shows the following:

"THE COURT: The only thing I can tell you on it, this case has been tried probably as good as it can be tried. You have only been out a little less than an hour; and some twelve jurors in this county have got to decide this case one way or the other; and the only thing I can do is ask you to go back in there and give it your earnest consideration and see if you can reach a verdict.

"And, of course, a jury verdict is more or less a meeting of minds of twelve people discussing the pros and cons of a situation. A lot of men don't do that and in everyday life they are not with that situation. And, often being on a jury is one of few times they have to get together and work out whatever problem is bothering them.

"Of course, a jury verdict a lot of times is a compromise. *I don't tell you to compromise any in your unabiding* [*sic. abiding?*] *convictions you have about some particular point; but it is sitting down and talking and working out problems.* This case took several hours to try and I think it would be fair if you gave it more consideration and sit down and see if you can't work the thing out. It costs the county money to have a jury here; and, as I say, some jury has to determine the case one way or the other. I ask you to go back in the Jury Room and resume your deliberation and see if you can't come out with a fair and just verdict to the State and the defendant.

"THE COURT: You may retire and resume your deliberation." (Italics and bracketed matter added.)

Exception was reserved to this charge.

We hold that this charge does not contain near the amount of dynamite used in the *Allen* charge.[1] Nor does it extend into the area forbidden in Orr v. State, 40 Ala.App. 45, 111 So.2d 627. Particularly, in the instant instruction we point out with approval the language italicized above as balancing out any verdict coercing effect.

The judgment below is

Affirmed.

### On Rehearing

CATES, Judge.

We, on original deliverance, left out two claims of error.

1. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528; But see United States v. Fioravanti, 3 Cir., 412 F.2d 407 and United States v. Brown, 7 Cir., 411 F.2d 930; also Anno. 100 A.L.R. 2d 177 and Elmer v. State, Wyo., 463 P.2d 14.

One concerned an objection to a question which was answered before the objection was voiced, hence no error.

The second claim arose during cross examination of the prosecutrix:

"Q   Now, Mrs. * * *, did you ever make any offer to settle this case for a certain amount of money?

"MR. WILLIAMS: Object to that.

"THE COURT: Sustained."

If it is the appellant's contention that the prosecutrix offered to compound the defendant's offense by agreeing not to testify, such evidence might have been proper cross examination. However, we must accord the trial judge the benefit of the vagueness of the appellant's use of the term "settle" as applied to a criminal complaint. No case has been cited to us which precisely points out otherwise.

As to the partial *Allen* charge, we see no need to extend the opinion further.

Application overruled.