248 So.2d 284

**George HOLLY, alias**

**v.**

**STATE.**

**2 Div. 49.**

Court of Criminal Appeals of Alabama.

March 2, 1971.

Rehearing Denied March 30, 1971.

Judson C. Locke, Marion, for appellant.

MacDonald Gallion, Atty. Gen.; and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Murder, second degree: sentence, forty years.

I

The State's proof tended to show that in March, 1969, Holly drove his car into one Mary Taylor. The car went off the road. Her body was found under it.

One witness's testimony could lead to the inference that after the impact Holly cranked up the car, "tried to pull over there * * * had a big smoke around the car." The coroner found marks consistent with an unsuccessful effort to get the car off the body of the deceased.[1]

Without objection—at least up to that juncture—a policeman testified that in July, 1968, Holly had twice paid a fine for assault and battery on the person of the deceased. In final argument the District Attorney referred, incorrectly, to Mary Taylor's having "prosecuted the defendant about two weeks before—." Objection was overruled; a motion for mistrial was denied.

On motion for new trial it was shown that there was a separation of the jury. The State explained this as occasioned by the need during the lunch time recess for the male and female jurors to go to the respective restrooms assigned by the caravansary for the accommodation of ladies and gentlemen.

II

We have considered the evidence in its entirety and conclude the State made a prima facie case from which the jury could believe beyond a reasonable doubt that Holly killed Mary Taylor with malice aforethought.

III

The District Attorney's slip of memory as to the recentness of Mary Taylor's prosecuting Holly we pass off under the harmless error rule. After all, undisputedly there had been two recorder's court convictions against him. Remoteness in time ordinarily goes to the weight and not to admissibility of evidence. Dorch v. State, 40 Ala.App. 475, 115 So.2d 287.

IV

That male and female jurors must be kept together semper et ubique without regard to obvious demands of modesty and to customary standards of decorum harks back to the speciousness of some of the arguments once made against women being on juries.

This jury was attended by a female and a male bailiff. No outside influence was shown. Accordingly, the instance sub judice is squarely covered by Code 1940, T. 30, § 97, as amended, which provides in pertinent part:

"* * * A separation solely by reason of sex, while in the custody of Bailiffs or Deputy Sheriffs shall not create a presumption of prejudice to an accused, but on the contrary it shall be prima facie presumed that the accused was not prejudiced by reason of the separation of the jury by sexes. * * *."

We have considered the entire record under Code 1940, T. 15, § 389, and reach the conclusion that the judgment below should be

Affirmed.

1. "Q Just a minute. I'll ask you to look at State's Exhibit No. 4, and tell the Court what that picture portrays. A This picture was taken of the skid marks of the right rear wheel of this car that was on the body of Mary Taylor. The wheels had turned several times and made black marks, apparently in an attempt to drive his car off of the body, and these marks were there on the ground. "Q In other words, it was your observation the weight of the car wasn't sitting on the wheels, is that correct? A That's right, there was so much of this person underneath that he couldn't drive the car off of her."