TYSON, Judge.
Jimmy Dyson was indicted for sodomy, second degree, in violation of § 13A-6-64, Code of Alabama 1975. The petit jury returned a verdict of “guilty as charged in the indictment.” After reviewing the pre-sentence report and conducting a hearing, the trial court sentenced Dyson to five years in prison, ordered him to pay a $3,500 fine, costs of court, and a $250 assessment to the Victims’ Compensation Fund.
The victim, F.D., testified that between December 1987 and March 1988 the appellant, her uncle, would come to her house while her parents were at work. F.D. stated that the appellant was in his forties and that she was 15 years old at the time. During these visits, they kissed on the mouth numerous times, and he often told her he loved her. The appellant also wrote letters to F.D. and she wrote to him once.
F.D. further testified that in January 1988 the appellant touched her on her breasts and told her that “he would like to suck it.” On this occasion, he also took her hand and placed it on his “hard” penis.
In February 1988, F.D. stated that the appellant came to her house at approximately 7:00 p.m. While she was laying in a recliner, the appellant came over and told her he was “fixing to eat her.” He took off her pants and panties. F.D. went on to testify that he “unzipped his pants and took his dick out, and he put his tongue in my vagina.” They redressed and the ap *561 pellant stayed with F.D. until her mother returned. ■
F.D. testified that the appellant gave her money and a bracelet. She also stated that he would telephone her or write her notes. One of the notes was found in the pocket of her jeans by her mother, and this prompted the investigation.
During his testimony, the appellant admitted to being alone with F.D. when they kissed. He also admitted to giving her money and to touching her breast.
I
Appellant first contends that the delay in the filing of F.D.’s complaint against him was so extensive that it does not support a conviction. Specifically, he claims that the delay creates doubt in the veracity of the prosecuting witness. However, after a review of the record, we feel the State here presented proof, which, if believed to the required degree, would overcome any staleness caused by delay of the complaining witness. Hunt v. State, 44 Ala.App. 479, 213 So.2d 664, cert. denied, 282 Ala. 727, 213 So.2d 666 (1968).
Furthermore, any delay in complaining has been held to affect only the credibility of the prosecutrix, which is a jury matter. Holloway v. State, 43 Ala.App. 153, 182 So.2d 906 (1965), cert. denied, 279 Ala. 688, 182 So.2d 910 (1966); Crosslin v. State, 446 So.2d 675, 680 (AIa.Cr.App.1983); Cumbo v. State, 368 So.2d 871, 876 (Ala.Cr.App.1978), writ denied, Ex parte Cumbo, 368 So.2d 877 (Ala.1979); Suggs v. State, 403 So.2d 309, 313 (Ala.Cr.App.1981), writ denied, Ex parte Suggs, 403 So.2d 313 (1981), cert. denied, 455 U.S. 938, 102 S.Ct. 1428, 71 L.Ed.2d 648 (1982).
II
The appellant next contends that the trial court erred in refusing to allow evidence of a prior grand jury proceeding into evidence. Specifically, he argues that the refusal to inform the jury that there had been two separate grand juries over a year apart misled the jury.
In July 1988, the Henry County, Alabama, grand jury indicted Dyson for first degree sexual abuse based on testimony and other evidence presented concerning the appellant’s sexual activities with F.D. The district attorney informed the trial court that this indictment was dismissed due to a typographical error relating to age made by his clerical staff. Thereafter, in August 1989, the grand jury indicted the appellant for second degree sodomy based on testimony and other evidence presented concerning the appellant’s activities with F.D. during the period covered by the earlier indictment.
The trial court did allow the appellant’s counsel to elicit testimony from F.D. for impeachment purposes, i.e., that she had testified twice before the grand jury. Also, the appellant’s counsel was allowed to elicit testimony from F.D. that before the first grand jury she testified that Dyson had touched her breasts and before the second grand jury she testified that they had engaged in oral sex.
However, the trial court ruled that the nature of the charge returned by the first grand jury was irrelevant allowing testimony concerning it and would confuse the trial jury. The Court allowed the appellant’s counsel to question F.D. concerning her testimony before the first grand jury, but not to ask what the charges were. The trial judge felt it was not proper to go into prior indictments that had been dismissed because of the confusion it would cause the jury. It is within the trial court’s discretion to determine what is material. If the Court’s ruling is correct for any reason, it will not be reversed on appeal. Duncan v. State, 436 So.2d 883, 903 (Ala.Cr.App.1983), cert. denied, 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 182 (1984); Collier v. State, 413 So.2d 396, 403 (Ala.Cr.App.1981), affirmed, 413 So.2d 403 (Ala.1982); Womack v. State, 555 So.2d 299 (Ala.Cr.App.1989).
Ill
Dyson next contends that a comment made by the trial court prejudiced the rights of the appellant and influenced the verdict of the jury. The comment occurred *562 during Deputy Sheriff Bobby Joe Elliott’s testimony. The State asked Mr. Elliott if he had read the letter Dyson had written to F.D., and the trial judge remarked:
“THE COURT: Ask him in that direction rather than—apparently he hasn’t read the letter closely.
“MR. BENNETT [defense counsel]: We object to that, Your Honor.
“THE COURT: Okay, he has read the letter closely.
“MR. VALESKA [prosecutor]: Thank you, Judge.
“THE COURT: You might develop it by another method other than what you’re doing.” (R. 168.)
The appellant did not make a motion to exclude nor did he make a motion for the jury to disregard the statement. Furthermore, because there was no adverse ruling on this matter, there is nothing for this Court to review. Hill v. State, 409 So.2d 943 (Ala.Cr.App.1981). Without a ruling, a request for a ruling, or an objection to the trial court’s failure to rule, there is nothing preserved for review. Moore v. State, 457 So.2d 981 (Ala.Cr.App.1984), cert. denied, 470 U.S. 1053, 105 S.Ct. 1757, 84 L.Ed.2d 820 (1985); Singleton v. State, 553 So.2d 689 (Ala.Cr.App.1989). As a result, this argument has not been preserved for our review.
IV
The appellant claims that the evidence was insufficient to sustain a conviction and that the trial court erred in denying his motion for judgment of acquittal. In this case, Dyson was convicted of sodomy in the second degree, in violation of § 13A-6-64, Code of Alabama 1975. In our opinion, the testimony of F.D. established every element of this offense. F.D. testified that she was 15 years old in February 1988 and that the appellant was in his forties. She further stated that Dyson “... took her pants and panties off, and he unzipped his pants and took his dick out, and he put his tongue in my vagina.”
“ ‘The standard for appellate review of the sufficiency of the evidence in a case such as this one was aptly set out in Dolvin v. State, 391 So.2d 133 (Ala.1980).
“ ‘ “ ‘In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir.1974); United States v. McGlamory, 441 F.2d 130 (5th Cir.1971); Clark v. United States, 293 F.2d 445 (5th Cir.1961).’ ” ’ ”
Barger v. State, 562 So.2d 650, 652 (Ala.Cr.App.1989), writ denied, Ex parte Barger, 562 So.2d 656 (Ala.1990).
As the evidence presented by the State was sufficient to sustain the jury’s verdict, the appellant’s argument as to this issue must fail.
V
The appellant contends that during closing arguments, the trial court unduly restricted his right to fully argue his case. However, a review of the record reveals that no objection was made by appellant’s counsel during the closing argument that the trial court was unduly restricting his ability to argue his case. Therefore, this issue has not been preserved for review by this Court. Gibbs v. State, 342 So.2d 448 (Ala.Cr.App.1977).
The appellant also claims that the trial court would not allow counsel to refer to a calendar. However, the record reveals that appellant did not attempt to introduce a calendar or have the court take judicial notice of a calendar. Therefore, this issue is without legal merit.
VI
The appellant contends that the trial court committed reversible error in ruling on objections to evidence. The first ruling complained of Dyson concerned an objec *563 tion to the introduction of statements made by him at or near the time of the offense. These statements were part of the res ges-tae, as statements of present state of mind or emotion at the time of the offense. Ex parte Whisenhant, 555 So.2d 235 (Ala.1989), cert. denied, — U.S. -, 110 S.Ct. 3230, 110 L.Ed.2d 676 (1990); Mitchell v. State, 53 Ala.App. 625, 303 So.2d 123 (1974), cert. denied, 293 Ala. 767, 303 So.2d 126 (1974). Thus, they were admissible.
The second ruling refused to allow Dyson to ascertain from F.D. why she went to Charter Woods Hospital. F.D. denied the appellant’s proffered reason for her admittance, and the appellant did not present any substantive evidence by which to impeach her. Therefore, counsel must accept the answer given by F.D. United States v. Corbin, 734 F.2d 643, 655 (11th Cir.1984); United States v. Cohen, 631 F.2d 1223, 1226 (5th Cir.1980).
The third ruling complained of here sustained an objection by the State, that objection was properly sustained. It concerned the appellant’s failure to make admissions to the witness. This is both a self-serving statement and hearsay testimony-
As to the fourth ruling complained of, we conclude that the trial court properly sustained the State’s objection concerning the witness’s lack of competence to answer the question. Deputy Elliott could not properly testify about the thought processes of a third party, the victim, relating to why she was upset. The question called for a purely speculative answer and was therefore improper. Andrews v. State, 370 So.2d 1070, 1074 (Ala.Cr.App.1979), writ denied, Ex parte Andrews, 370 So.2d 323 (Ala.1979); Flanagan v. State, 369 So.2d 46 (Ala.Cr.App.1979).
The testimony elicited by the appellant’s counsel concerning F.D.’s alleged flirtatious nature with other men was improper and was properly rejected by the trial court. McGilberry v. State, 516 So.2d 907, 913 (Ala.Cr.App.1987). This testimony was both immaterial and irrelevant. See Smiley v. State, 435 So.2d 202, 206 (Ala.Cr.App.1983).
VII
Appellant contends the trial court committed reversible error in refusing to give a number of requested written jury charges.
Requested charges two, three, and four concerned circumstantial evidence. The Court properly refused these charges because they were fully covered in his oral instructions to the jury. Ware v. State, 565 So.2d 1173 (Ala.Cr.App.1990). See also Burk v. State, 16 Ala.App. 110, 75 So. 702 (1917). Requested charges five and seven were also adequately covered in the Court’s oral instructions. Ware, 565 So.2d 1173 (Ala.Cr.App.1990).
VIII
The appellant argues on appeal that the trial court restricted his ability to attack the validity of the presentence report. However, the appellant did not attempt to offer or present any evidence on this issue. The appellant did not contradict or dispute any part of the presentence investigation report. Neither did he offer or present any evidence with regard to the rape shield statute. The appellant’s counsel simply gave his opinion concerning how he thought the report was inaccurate. We conclude that the presentence investigation report was in accordance with Rule 6, A.R.Crim.P.Temp., specifically Rule 6(b)(2).
Accordingly, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.