# SCOTT *vs.* THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO RAVISH.]

1. *Indictment for assault with intent to ravish; what prosecutrix can not state.*— In a prosecution for an assault with intent to ravish, the prosecutrix should not be allowed to say, in giving testimony, that the defendant *attempted to ravish her*, but did not accomplish his purpose. It is a conclusion of law.

2. *Same; what evidence not admissible on trial of.*—Nor is it competent for a witness for the State, on his examination in chief, to say that the prosecutrix, when making complaint to him, said certain scratches on her neck were made by the accused in attempting to ravish her, unless in corroboration of her testimony, if she be assailed in the matter of her complaint.

APPEAL from the Circuit Court of Wilcox.
Tried before Hon. P. O. HARPER.

The appellant, Cæsar Scott, was indicted for an assault with intent to ravish Sukey Sams. On the trial, she testified that "in September, 1871, she was attacked by the defendant, who attempted to ravish her, but he failed and did not accomplish his purpose." The defendant objected to this "answer," but his objection was overruled, and he excepted.

The State introduced a witness who testified, that "Sukey Sams complained to him, and that she had scratches on her neck."

The solicitor asked this witness "if, at the time of making this complaint, Sukey said how the scratches came on her neck." The defendant objected to the question, but the court overruled the objection, and defendant excepted. The witness answered, that Sukey told him "the defendant scratched her when he was trying to rape her." The defendant moved to exclude this answer from the jury, but the court overruled the motion, and he excepted.

Adams v. The State.

The defendant was convicted, and sentenced to two years imprisonment in the penitentiary, and hence this appeal.

McCASKILL, for appellant.

ATTORNEY-GENERAL, *contra.*

B. F. SAFFOLD, J.—Whether or no "the prosecutrix was attacked by the defendant, who attempted to ravish her, but failed and did not accomplish his purpose," was a compound question of law and fact determinable by both the court and the jury. The answer was as if, in a trial for murder, a witness should be allowed to say that the defendant *murdered* the deceased. The facts of the conduct of the accused only should have been stated.

Proof of complaint made by the prosecutrix, yes or no, is all that is admissible in the direct examination. The particulars may be inquired into by the defense, or in corroboration of the testimony by the prosecutrix, if she is assailed in the matter of her complaint. Of course it is competent to prove whatever circumstances and signs of injury she showed.—1 Russ. on Crimes, p. 688, and note *c.*

The judgment is reversed, and the cause remanded.