## Griffin *v.* The State.

### *Indictment for Rape.*

1. *Complaint by prosecutrix recently after commission of offense.*—In a prosecution for rape, it is permissible to prove by the prosecutrix, or by others, that she made complaint, recently after the commission of the offense, to persons to whom it was natural that she should complain; but, when such complaint is not a part of the *res gestæ*, and is received only as corroborating her testimony, neither the particulars detailed by her, nor the name of the person accused by her, can be admitted as evidence, unless called out on cross-examination, or to sustain her testimony when impeached.

2. *Same; evidence impeaching and sustaining prosecutrix.*—The defendant having cross-examined the prosecutrix as to the complaint or statement made by her, with a view to impeach her, and having examined some of the persons who were present at the time said complaint or statement was made, it is permissible for the prosecutrix, for the purpose of sustaining her testimony, to examine other persons who were present at the same time.

3. *Error without injury in admission of evidence.*—When evidence is admitted which is at the time *prima facie* irrelevant, the error is cured by the subsequent introduction of the evidence necessary to show its relevancy.

4. *Province of court and jury, in matters of evidence.*—Whether or not there is any evidence at all, as to a particular fact, is a question for the court, though the sufficiency of the evidence is a question for the jury; and the court may properly state to the jury that there is evidence of the fact, when the record shows that the statement was true.

FROM the Circuit Court of Pike.

Tried before the Hon. JNO. P. HUBBARD.

The defendant in this case was indicted for a rape, pleaded not guilty to the indictment, and was tried on issue joined on that plea. A bill of exceptions was reserved on the trial, which expressly states that all the evidence adduced on the trial is not set out therein, "but only so much as is necessary to present the points reserved." It was shown that the prosecutrix, at the time of the alleged rape, was living in a house alone with her little daughter, a child about eight years old, and the offense was committed on Saturday night, July 6th, 1884. She testified, in substance, that on that night, about one hour before

daybreak, while she was asleep in bed with her daughter, they were aroused by the noise made by some person; that she exclaimed, "*Lord have mercy, who is that?*" To which the person replied: "*Hush; if you make any noise, I will kill you. Do you want to know who it is?*" She further stated, that the person said his name was Wes. Burney, told what he wanted, and then forcibly ravished her; that the person had entered through the window, but she was not aroused by the noise he made in breaking it open, though her bed was within a few feet of the window; that she gave no alarm, and made no outcry, save the words above quoted; and that she made complaint to her father, who lived about a quarter of a mile distant, as soon as she could get out of doors after day-light. "She said, also, that she had never seen the party before, but that the defendant was the man; that there was no light in the house at the time, and that the moon was about going down. She testified also, on cross-examination, that she had admitted to James Folmar, A. N. Worthy, and H. C. Wiley, that she asked the party, during the act, how he got in, and he replied that he got in at the window; that she then said to him, '*Suppose you get me pregnant;*' to which he replied that he could prevent it, or words to that effect; that she also told said persons that she got up and let the party out at the door, and said to him, as he was going, that she would not have it known for a thousand dollars; and that he replied, he would not have it known for five hundred dollars, and would kill her if she told it. She admitted, also, that she had told said persons that she did (?) know she would be able to identify the party, if she was to see him, and that she thought it was a negro by his scent."

The father of the prosecutrix, a witness for the State, testified that she made complaint to him early on Sunday morning, "and said that it was a negro, as she knew by his scent, and that he had a smooth face, but that she had never seen him before, and did not know that she would be able to identify him if she was to see him;" and he stated the facts which led to the arrest of the defendant, who went to the house of the prosecutrix on the Saturday night next after the commission of the alleged rape, and, while walking from one window to another in his socks, was shot by the witness, who was lying in wait, with a loaded gun. "A predicate had been laid by the defendant to impeach the prosecutrix, by showing that she had said, in substance, to said Folmar, Wiley, and the witness Worthy, in a conversation had with them by her shortly after the alleged offense, that she could not tell who the guilty party was—that she would not know him, or be able to identify him; and the witness, Folmar and Wiley testified as to what she said

[Griffin v. The State.]

in that conversation on that subject, and said Worthy had been cross-examined by defendant on that subject; and in rebuttal of said Worthy's testimony, by the State, he was asked to state exactly, as nearly as he could, what she did say; to which he answered, that she said, as near as he could recollect, 'that she did not know that she would be able to identify him.' To this testimony of said Worthy, as to what the prosecutrix said, the defendant objected," and duly excepted to the overruling of his objection. "Said witness was asked by the State, if the prosecutrix made any complaint to him at the time of said conversation; to which question the defendant objected, and the court sustained the objection. After sustaining said objection, something being suggested that there was no evidence of any complaint having been made by the prosecutrix, the court told the jury, that there was evidence before them of complaint made by the prosecutrix—that she and her father had testified on that subject, but that it was for the jury to determine what that testimony proved. To all of which defendant excepted." The defendant afterwards introduced said Wiley and Folmar as witnesses, each of whom stated, in substance, that the prosecutrix, in the conversation mentioned by the witness Worthy, said that she thought she would not be able to identify her assailant; that this conversation took place a few days after the commission of the alleged rape, and before the shooting of the defendant by the father of the prosecutrix; and that the prosecutrix, during the conversation, stated what passed between her and her assailant substantially as she had testified on the trial. The bill of exceptions then concludes thus: "The rulings of the court on the evidence, as hereinbefore set forth, are the matters of error complained of, and on account of which the defendant appeals from the judgment and sentence of the court."

PARKS & SON, for the appellant, cited *Lacy v. The State*, 45 Ala. 80; Roscoe's Crim. Ev. 862; 1 Greenl. Ev. § 102; 3 *Ib.* § 213; 41 N. Y. 265–9; 33 Iowa, 420.

T. N. MCCLELLAN, Attorney-General, for the State.

CLOPTON, J.—On an indictment for rape, it is competent to show by the prosecutrix, or by another, or by both, that recently after the alleged rape she made complaint to persons to whom complaint, on the occurrence of such outrage, would naturally be made. When the complaint constitutes no part of the *res gestæ*, and is received only as corroborative of her testimony, neither the particulars detailed by her, nor the name of the person whom she mentioned as the offender, can be given

[Griffin v. The State.]

in evidence in the first instance. But the defendant may, on cross-examination, inquire into the particulars of the complaint, and thus make admissible evidence relating thereto by both parties; or, if the defendant introduces evidence to impeach the prosecutrix, the prosecution may sustain her by showing that her statements in making the complaint, and her testimony on the trial, correspond.—*Scott v. State*, 48 Ala. 420; *Nichols v. Stewart*, 20 Ala. 358; *Thompson v. State*, 38 Ind. 39; *Baccio v. People*, 41 N. Y. 265; 3 Greenl. on Ev. § 213; 2 Bish. Crim. Proc. § 963.

The defendant, on the cross-examination of the prosecutrix, inquired into the particulars of her conversation with Worthy and the other persons mentioned, and also laid the predicate for her impeachment; and subsequently the defendant examined the others present at the conversation, for the purpose of impeaching the prosecutrix. Some authorities hold, that when the defendant inquires into the particulars, and impeaches the prosecutrix, she may be sustained by evidence that she has stated the facts to other persons as she testified at the trial; but it is not necessary for us to express any opinion on the competency of such evidence. It will not be disputed, that, in such case, it is competent for the prosecution to introduce persons other than the impeaching witnesses, who were present and heard the same conversation, for the purpose of supporting the prosecutrix.

If it be conceded that the examination of Worthy was irregular, because of the stage of the trial at which it occurred, and that his testimony was *prima facie* irrelevant, it became relevant by the subsequent attempt to impeach by proving contradictory statements. It is well settled, that if evidence, which is irrelevant at the time offered, becomes relevant afterwards during the progress of the trial, its admission is not an error for which the judgment will be reversed.—*Johnson v. State*, 29 Ala. 68; *Robinson v. Allison*, 36 Ala. 525.

There is no error in the observation made by the presiding judge, that there was evidence of complaint having been made by the prosecutrix, and that the prosecutrix and her father had testified on that subject; but, what that testimony proved was for the jury to determine. The remark seems to have been made in reply to a suggestion that there was no such evidence. "Whether there be any evidence or not, is a question for the judge; whether it is sufficient evidence, is a question for the jury."—1 Greenl. on Ev. § 49.

Affirmed.