## CLARK v. STATE. (7 Div. 239.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Granted Nov. 23, 1926.)

**1. Criminal law ⬅284.**

Defendant may be put to trial before same jury that passed on plea of misnomer.

**2. Indictment and information ⬅81(1).**

Indictment of defendant as Ott Clark, "whose name is to the grand jury unknown than as stated," held not subject to plea of misnomer.

**3. Criminal law ⬅363.**

In prosecution for statutory rape, everything said and done by parties at time defendant was in bed with girl is part of res gestæ.

**4. Criminal law ⬅364(1).**

In prosecution for statutory rape, testimony of companion of prosecutrix that defendant begged prosecutrix to get up and go in another room, so that "he could get to her better," held admissible.

**5. Criminal law ⬅339.**

That witness recognized defendant in the dark would bear on probative force of her testimony, but does not render such testimony inadmissible.

**6. Rape ⬅46.**

That defendant knew, as shown by note written by him, prosecutrix would be at certain place at certain time, and that defendant would also be· there, held relevant as tending to prove assignation.

**7. Rape ⬅57(1).**

Where there was evidence tending to prove charge of statutory rape, the general charge was properly refused.

---

**8. Criminal law ⬤⇒829(1).**

Requested charges, covered by charges given by court, *held* properly refused.

### On Rehearing.

**9. Criminal law ⬤⇒770(1)—Proof of first act of intercourse in prosecution for statutory rape is election to prosecute for such act, and refusal of instruction confining prosecution thereto is error.**

In prosecution for statutory rape, testimony by state fixing first act of intercourse in certain place is an election ·to prosecute for such act, and hence refusal of requested instruction confining prosecution to such act and place was error.

**10. Rape ⬤⇒1—Each act of carnal knowledge of girl over 12 and under 16 is distinct crime.**

Each act of carnal knowledge of girl over 12 and under 16 is separate and distinct crime.

**11.·Criminal law ⬤⇒829(2)—Requested charge to confine prosecution for statutory rape to place of act which state elected to prosecute held not covered by charge not specifically confining conviction to such place.**

Where court in oral charge did not specifically confine right to conviction for statutory rape to place of act on which state elected to prosecute, requested charge to confine prosecution to such place and act could not be said to be covered by court's oral charge.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Ott Clark was convicted of having carnal knowledge of a girl over 12 and under 16 years of age, and he appeals. Reversed and remanded on rehearing.

These charges were refused to defendant:

"(2) You· should not consider the presence and conduct of defendant on his visit to Blue Pond as a circumstance of his guilt.

"(3) You are not authorized to consider the presence and conduct of defendant at Blue Pond on the occasion named as a circumstance of his guilt, but the state is required to prove his guilt beyond all reasonable doubt and to a moral certainty before you can convict defendant.

·"(4) Before you can convict the defendant, you must believe beyond all reasonable doubt that defendant had intercourse with Josie Abernathy, or abused her in the attempt to have such intercourse, while she was in the bed with Margaret Coker, and if the state had not established this fact beyond all reasonable doubt you should acquit the defendant."

Hugh Reed, of Center, for appellant.

There was an absence of proof of the material ingredients of the offense, and defendant was entitled to the affirmative charge. Cohen v. State, 16 Ala. App. 522, ʼ79 So. 621; Miller v. State, 16 Ala. App. 534, 79 So. 314; Dawkins v. State, 58 Ala. 376, 29 Am. Rep. 754; Hutto v. State, 169 Ala. 19, 53 So. 809. Testimony that defendant was begging the girl to go into another room was erroneously admitted. Toulet v. State, 100 Ala. 72, 14 So. 403. Likewise as to a note written by defendant to the girl. Nelms v. State, 91 Ala. 99, 9 So. 193. The refusal of defendant's requested charges was error.ʼ Fields v. State, 47 Ala. 603, 11 Am. Rep. 771; Taylor v. State, 149 Ala. 32, 42 So. 996; Alexander v. State, ante, p. 497, 109 So. 528.

· Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

It was proper to put the defendant to trial before the same jury which tried the plea of misnomer. Whitaker v. State, ante, p. 114, 105 So. 433. Charges invasive of the jury's province were well refused. Lakey v. State, 20 Ala. ·App. 78, 101 So. 537. There was no error in refusing charges already covered. Price v. State, 20 Ala. App. 201, 101 So. 300. Testimony as to what defendant was doing at the time of the alleged offense was of the res gestæ. Pate v. State, 20 Ala. App. 358, 102 So. 156. That witness could recognize defendant was not a conclusion. Hunter v. State, 20 Ala. App. 152, 101 So. 100.

SAMFORD, J. [1] The court did not commit error in putting the defendant to trial, before the same jury that passed upon the, plea of misnomer. Whitaker v. State, ante, p. 114, 105 So. 433.·

[2] The entire inquiry as to the plea of misnomer was useless. The defendant was indicted as "Ott Clark, whose name is· to the grand jury unknown than as stated.·" Such an indictment is not subject to a plea of misnomer. Bryant v. State, 36 Ala. 270. This will dispose of the several exceptions reserved to the. admission of evidence on the trial of the issue on the plea in abatement.

[3, 4] Everything said and done by the parties at the time defendant was in bed with the girl is part of the res gestæ and is admissible in evidence, and as a part of what was taking place, a witness who was in the bed with the girl, may testify, as a shorthand rendition of facts, that defendant was begging the girl to get up and go in another room with him, so that "he could get to her better." Pate v. State, 20 Ala. App. 358, 102 .So. 156.

[5] That the witness Audrey Coker recognized defendant in the dark would have a bearing on the probative force of her testimony, but would not render such testimony inadmissible.

[6] The fact that defendant knew the girl with whom he is charged with having intercourse would be at that certain place at that certain time, and that defendant would also be there, was relevant as tending to prove an assignation. For this purpose a note written by defendant to that effect was admissible.

[7] There was evidence tending to substantiate the charge, and therefore the general

charge was properly overruled. Lakey v. State, 20 Ala. App. 78, 101 So. 537.

[8] Refused charges 2, 3, and 4 were invasive of the province of the jury. Refused charge 5 was covered by given charge 6, and refused charge 6 was covered by the oral charge of the court.

Other exceptions have been examined, but in no instance did the court by his rulings commit reversible error.

The motion for new trial was properly overruled. There is no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

## On Rehearing.

[9-11] In the original opinion we held refused charge 4 to be invasive of the province of the jury, on the theory that there was evidence sufficient upon which the jury might have concluded that an act of sexual intercourse occurred between the parties, in a room adjacent to the one in which the first and second acts occurred. In this we are now convinced that this court was in error, for the reasons following:

The state by its testimony had fixed the first act of intercourse in a bed where two girls were sleeping, one of whom was Margaret Coker. Each act of carnal knowledge of a girl over 12 and under 16 years of age is a separate and distinct crime. The testimony of the state's witnesses as to this was an election on the part of the state to proceed with the prosecution for that act committed in the bed with Margaret Coker, and by appropriate action by defendant the state must be held to the election made. The defendant sought to confine the prosecution to one act by requesting charge 4, which was refused. This was error. Barefield v. State, 14 Ala. App. 638, 72 So. 293; Herbert v. State, 201 Ala. 480, 78 So. 386; Davis v. State, 20 Ala. App. 463, 103 So. 73; Thomas v. State, 20 Ala. App. 128, 101 So. 93.

The court in its oral charge did not specifically confine the right to a conviction to the room in which the first act of intercourse is alleged to have taken place, and hence we cannot say that the refused charge was covered by the court's oral charge. The application is granted. The judgment is reversed, and the cause is remanded.

Reversed and remanded.