166 So. 440

**THOMPSON v. STATE.**

8 Div. 320.

Court of Appeals of Alabama.

March 3, 1936.

Powell & Powell, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

Appellant was indicted, tried, and convicted for the offense of having carnal knowledge of a girl over 12 and under 16 years of age, in violation of section 5411 of Code 1923. This appellant and also the alleged injured party are of the negro race; appellant being a teacher of the negro school in Hartselle, and Mamie Lee Glass, the girl in question, one of his pupils, and admittedly within the inhibited age; that is to say, the evidence, without dispute, disclosed she was over 12 and under 16 years of age.

There are numerous sexual crimes known to the law, but in cases of this char-

acter the measure of proof to sustain a conviction is the same as in all criminal cases; that is to say, the burden rests upon the prosecution to offer evidence of the guilt of the accused beyond a reasonable doubt. However, in such cases, the scope of inquiry and the rules of evidence vary in a marked degree. (1) On a trial for the offense of living in adultery, it is permissible to prove numerous acts of illicit sexual intercourse, a living together in adultery of the man and woman in question. (2) On a trial for the offense of rape, proof that the prosecuting witness "made complaint" is permissible. (3) In seduction, no conviction can be had upon the uncorroborated testimony of the woman alleged to have been seduced. (4) In a proceeding of bastardy, repeated acts of sexual intercourse during the period of gestation may be testified to by the alleged injured party. Other cases could be mentioned wherein the scope of inquiry and the rule of evidence applicable differ from the case here under consideration.

 It has been repeatedly held that each act of carnal knowledge of a girl over 12 and under 16 years of age is a separate and distinct crime. Clark v. State, 21 Ala. App. 597, 110 So. 562; Davis v. State, 20 Ala.App. 463, 103 So. 73. It was therefore error in the ruling of the court, over the objection of the defendant, to allow the solicitor to ask the prosecuting witness the following question, to wit: "About how many times did he have sexual intercourse with you along about that time?" and to permit said witness to answer: "Five." Clark v. State, supra; Herbert v. State, 201 Ala. 480, 78 So. 386.

In a prosecution of this character, the alleged injured party may be permitted to testify at the trial as to the act of sexual intercourse complained of, and that the accused had committed said act; but it was not permissible, in the absence of the accused and not within his hearing, for her to testify as to her acts and utterances subsequent to the commission of the crime. There were numerous erroneous rulings of the court of this character, not only as applying to the prosecuting witness, but also as to several other witnesses who were examined on the trial of this case.

Tony Baker, the first witness for the state, testified: "Mamie Lee Glass, the prosecuting witness, in this case, is my grand-daughter," etc. On cross-examination he was interrogated as to his interest in this case and his repeated activities in connection therewith. This character of examination was permissible in order to show his bias, feelings, and interest. It was not permissible, however, to allow this witness to testify on redirect examination, and on rebuttal, his reasons therefor and why he had taken such active interest in the prosecution. Nor was it permissible to allow him to state he was acting upon the advice of a lawyer who was associated with the prosecution in this case. The exceptions reserved to the court's several rulings in this connection were well taken and are sustained. The court also committed error in allowing state witness S. H. Lynne to testify as to the advice given by him to witness Baker as to what he should do and how he should act in connection with Baker's efforts in behalf of the prosecution. All of these matters were irrelevant, immaterial, and inadmissible as against the defendant, who could not, under any rule of evidence, be bound by matters of this character.

The defendant introduced several witnesses who testified as to his good character. The cross-examination of these witnesses was improper and the court's rulings erroneous in several instances. Such questions or statement of fact, by solicitor as, "Never heard of that other child of his?" etc., went beyond the permissible scope of cross-examination of character witnesses.

Numerous other instances of error are presented, some of which are clearly not well taken. We feel no necessity, however, in prolonging this opinion by a detailed discussion in this connection.

No motion for a new trial was made.

For the error indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.