12 So.2d 407

**ALLFORD v. STATE.**

2 Div. 191.

Supreme Court of Alabama.

March 18, 1943.

Thos. H. Boggs, of Linden, for the petition.

Wm. N. McQueen, Acting Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., opposed.

THOMAS, Justice.

This is a petition for certiorari to review the action of the Court of Appeals in affirming a judgment for rape.

Under the rules long prevailing, we find no error to authorize the granting of the writ.

The Court of Appeals invokes the review by this Court of Weems v. State, 224 Ala. 524, 528, 141 So. 215; Id., 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; and Thompson v. State, 27 Ala.App. 104, 166 So. 440, 441.

In the Thompson case the ruling is predicated on the statement that, "In a prosecution of this character, the alleged *injured party may be permitted to testify at the trial* as to the act of sexual intercourse complained of, and that the accused had committed said act, but it was not permissible, in the absence of the accused and not within his hearing, for her to testify as to her acts and utterances subse-

quent to the commission of the crime. * * *" [Italics supplied.]

This is in accord with the rule that obtains and well stated by Judge Bricken in Stewart v. State, 26 Ala.App. 392, 161 So. 112, and on the decisions he cites by this Court.

In the case of Barnett v. State, 83 Ala. 40, 44, 3 So. 612, 614, Mr. Justice Somerville, dealing with the complaint of a prosecutrix under an indictment for rape, said:

"The rule in this state, however, following what is believed to be the weight of authority both in England and America, is settled the other way. When the complaint does not constitute a part of the res gestæ, but is received only in corroboration of the prosecutrix's testimony, the general rule is that the details or particulars cannot be introduced, in the first instance, by the state. This would exclude any statement made in the complaint pointing out the identity of the person accused, or explaining the injuries claimed to have been received during the alleged perpetration of the crime, or otherwise giving the minute circumstances of the event. Griffin v. State, 76 Ala. 29, and cases there cited. * * *

"But there are two cases, at least, where, under the authorities, the details of such complaint may be proved: (1) They may be elicited, on cross-examination, by the defendant; and, where this is done only in part, the state may then proceed to prove, on the rebutting examination, the whole complaint. (2) Where the testimony of the prosecutrix is sought to be impeached by attempting to discredit her story, it is permissible, by way of corroboration, for the state to prove such details, and, according to many of the authorities, also to prove that she told the story the same way to others, confirmatory of her first statement. Griffin v. State, 76 Ala. 29; 3 Greenl.Ev., § 213; * * *."

The case of Weems v. State, supra, shows that the answer of the third party as a witness was in the negative and was an effort of identification. The court rested the ruling on the correct statement of the law that was announced in Barnes v. State, 88 Ala. 204, 7 So. 38, 16 Am.St.Rep. 48, and the text and notes contained in 22 R.C.L., p. 1212, § 47. There was no departure from the well recognized rule that obtains as to primary evidence in this and

other jurisdictions as to the nature and extent of the "complaint" a prosecutrix may make for rape. Further illustration is afforded by the recent case of Ellis v. State, Ala.Sup., 11 So.2d 861,[1] where the writer of the opinion in the Weems case said for the court, "In a prosecution for rape, it is permissible to allow evidence of the complaint of prosecutrix," citing White v. State, 237 Ala. 610, 188 So. 388. The case of Griffin v. State, 76 Ala. 29, is cited in the White case and the earlier cases from this jurisdiction are collected in the Griffin case of Scott v. State, 48 Ala. 420; Nichols v. Stewart, 20 Ala. 358; 3 Greenl. on Ev. § 213; 2 Bish. Crim.Proc. § 963.

It results from the foregoing that the petition for certiorari should be denied. It is so ordered.

Writ denied.

BROWN and LIVINGSTON, JJ., concur.

GARDNER, C. J., concurs in conclusion.

