BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant was convicted of rape. The jury fixed punishment at life imprisonment. Judgment on the verdict was duly entered and this appeal in forma pauperis is from this judgment.
The evidence of the prosecutrix and victim is briefly to the effect that she was enroute home alone in her automobile at night in the early morning hours from at least two night spots in Mobile, when her motor faltered and defendant also traveling in an automobile, stopped his car about fifteen feet from the faltered car, got out, proceeded to open the door of the victim’s automobile, threatened her with a knife, dragged her into his car, put her on the back seat, and drove to a nearby cemetery where the alleged rape occurred. We will omit details except where it is hereafter necessary to illustrate in this opinion.
After the ordeal, he took her back near to where she had left her car engine running and lights on.
An observer testified that she saw the abduction and called the police who, after talking with the victim, proceeded with an investigation that led to the arrest of appel *2 lant-defendant. Appellant is black and the victim white.
The defendant took the witness stand. He admitted being acquainted with the victim and contended that on at least two occasions he had had conjugal or sexual relations with her at a local hotel or rooming place; that such relationships were for pay; that he did not have sexual relations with her on the night or early morning in question; and in fact, he denied that he was guilty as the victim accused and testified. The jury convicted and we see no reason to disturb the verdict.
We will now discuss the appellant’s contentions of error on the part of the trial court.
It appears that the victim noted the license plate number 2-4678, of defendant’s automobile; she gave this number to the police. The officer testified that he found “who it belonged to.” Defendant’s counsel objected. After the answer that he found to whom it belonged, he then testified that he found it on Glennon Avenue. The State asked:
“Q Who owned the car, then, if you know?”
Again, defendant objected. The court allowed the witness to answer:
“A Berneice . . . ”
Defendant made a motion to exclude the answer which the court denied:
“Q Do you know the relation of Ber-neice Olds to this man right here?
“A Yes.
“Q What is that?”
Again defendant’s further objection was overruled:
“Q What is it?
“A Nephew.”
We see no merit in the objections founded on the best evidence rule which counsel asserted. The evidence was collateral and a link in an investigative chain that led to the identity and the arrest of defendant. Knight v. State, 50 Ala.App. 39, 276 So.2d 624(1); cert. den. 290 Ala. 368, 276 So.2d 628.
Appellant next asserts error in the cross-examination over his objection seeking to elicit obscene comments by defendant as to the inability of the victim to give him complete sexual satisfaction during the sexual ordeal. The comments, if made, were a part of the res gestae and admissible. Hallman v. State, 36 Ala.App. 592, 61 So.2d 857; cert. den. 258 Ala. 278, 61 So.2d 861; Clark v. State, 21 Ala.App. 597, 110 So. 562; Vol. 6 Ala.Digest, Criminal Law <s=>363(F), p. 282. The fact that defendant denied being the offender did not preclude this cross-examination seeking to elicit this testimony. The cross-examination was permissible.
A third contention of error is that the argument of the district attorney to the jury was prejudicial and the ruling of the court with respect thereto was error.
It appears in the record that defendant’s objection was as follows:
“BY MR. BRUTKIEWICZ: I object to the prosecutor referring to Eddie White and Cornelius Churchman in making inquiries to the jury where are they because those witnesses are equally accessible to both sides.
“BY MR. VALESKA: Never heard of them.
“BY MR. BRUTKIEWICZ: Equally accessible. Judge, can we continue or is— those two people are equally accessible to both sides and to the defendant; therefore, error for the District Attorney to comment on the testimony of those two people.
“BY THE COURT: Overruled, go ahead.”
It is not clear what the district attorney said about White and Churchman to the jury. We will not hold the court in error on this statement of the record. We are not informed as to what was said. The alleged remarks as appear in the objection are too *3 fragmentary. Pate v. State, 32 Ala.App. 365, 26 So.2d 214; McGraw v. State, 34 Ala.App. 43, 36 So.2d 559, cert. den. 251 Ala. 123, 36 So.2d 560; Vol. 7 Ala.Digest, Criminal Law 1119(4), p. 315.
At another time, defendant objected to the argument of the deputy district attorney:
“ . . .we are going to object to the District Attorney making the statement, ‘Almost makes me upset to my stomach to listen to this testimony.’ The reason we make the objection is that it is improper for the District Attorney to inject himself into the argument, what he thinks or what makes himself sick is not germane to the argument that he should be giving.”
This argument merely tended to emphasize the immorality and vulgarity of the attack and was not objectionable. We will not charge the trial court with error to reverse.
We have read all the evidence and reviewed the entire record. We think it is free of rulings that were prejudicial to defendant.
The judgment is due to be affirmed and it is so ordered.
The foregoing opinion was prepared by Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.