On the night of Halloween, October 31, 1977, ten-year old Tamatha was abducted and kidnapped while "trick-or-treating" with some friends in Gadsden, Alabama. Throughout the remainder of that night she would be repeatedly raped.
The appellant was indicted and convicted for the carnal knowledge of a girl under the age of twelve years. Section 13-1-133, Code of Alabama 1975. The trial judge sentenced him to life imprisonment. Both at trial and on appeal the appellant is represented by court appointed counsel.
The sufficiency of the evidence is not presented for review. There was no motion to exclude the state's evidence, no request for the affirmative charge, and no motion for a new trial.Skinner v. State, 30 Ala. 524 (1857); Gilbreath v. State,54 Ala. App. 676, 312 So.2d 81 (1975). However, a consideration of all the evidence in this case convinces this court that the state proved the appellant guilty beyond any reasonable doubt.
The evidence discloses that on the night of October 31, 1977, the appellant and his companion, Frederick Hall, abducted the ten-year old prosecutrix while she was "trick-or-treating" with some friends. Both men raped her in an abandoned store and then took her to the appellant's house. Throughout the remainder of the night the prosecutrix was repeatedly raped by the appellant, Hall, and two other individuals. At trial the appellant presented no evidence in his behalf.
 I
After his arrest the appellant made a detailed eight page confession of his involvement and participation in the kidnapping and rape of the child. The trial court, after a pretrial hearing, denied defense counsel's motion to suppress. On appeal it is asserted that this constitutes error because the confession was involuntary.
Detective Sergeant N.W. Griffin of the Gadsden Police Department was a friend of the appellant. The appellant had become Sergeant Griffin's informant and given him reliable information leading to the recovery of stolen property and the arrests of thieves. Sergeant Griffin had, on one occasion, *Page 1191 
talked to a city judge about a case pending against the appellant and was apparently successful in getting the bond or sentence reduced. Griffin did talk to the appellant alone on the morning of his arrest on November 1, 1977, after the appellant had requested to see him. Before speaking with Sergeant Griffin the appellant only admitted being with the people he implicated in the crime. After his conversation with the Sergeant and after being questioned by Chief Carter the appellant admitted his guilt and confessed. The appellant testified that he confessed because of a promise made by Sergeant Griffin to "help him out". Griffin specifically and repeatedly denied any such effort.
Because the law is well settled we need not detail the conflicting testimony presented during the hearing on the motion to suppress. Appellant's argument on the involuntariness of the confession may be summarized by a direct quotation from his brief.
 "The question then becomes one of whether Sergeant Griffin used his influence as a close friend of the Defendant's in order to coerce the Defendant to sign a confession. Although Sergeant Griffin denies that he made any promises to the Defendant, the circumstances surrounding this case demonstrate readily that Sergeant Griffin must have made such a promise to the Defendant." Appellant's Brief, pp. 15-16 (Emphasis added).
This issue is governed by the principle that, where the trial court finds on conflicting evidence that a confession was voluntarily made, such finding will not be disturbed on appeal unless it appears contrary to the great weight of evidence or is manifestly wrong. Burks v. State, 353 So.2d 539 (Ala.Cr.App. 1977) and cases cited at 542.
 "Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge need only be supported by substantial evidence and not to a moral certainty."
 McNair v. State, 50 Ala. App. 465, 470, 280 So.2d 171, 176 (1973).
We find no error in the trial judge's determination that the confession was voluntary.
 II
Following conviction, investigation, and a presentencing report, the trial judge sentenced the appellant to life imprisonment. Under the language of Section 15-18-20, Code of Alabama 1975
 "When an offense is punishable by imprisonment in the penitentiary or hard labor for the county, the court must impose the term of punishment, unless the power is expressly conferred on the jury."
Carnal knowledge of a girl under twelve years of age may be punished by imprisonment in the penitentiary for not less than 10 years, or as otherwise provided by law. It does not expressly confer upon the jury the duty of imposing the term of imprisonment as did its statutory predecessor Title 14, Section 398, Code of Alabama 1940. Section 13-1-133, Code.
The 1975 Code went into effect and was operative on October 31, 1977. See Vol. 1, p. vi, Code of Alabama 1975. Since the crime was commenced on and the prosecution began after the effective date of the new code, the sentencing power was vested in the trial judge and not the jury. Also see §§ 1-1-9, 1-1-12, Code of Alabama 1975.
 III
The appellant argues that the trial judge committed reversible error in allowing into evidence two bedsheets seized from the residence of the appellant following his arrest and pursuant to his consent. Each sheet was subjected to tests for blood and semen and the tests were positive for the presence of both substances. Error is alleged because the toxicologist could not testify that the blood was that of the victim or even that of a human being. It is argued that because of this the sheets had no bearing on any material issue. *Page 1192 
At trial testimony was presented that the appellant voluntarily gave permission to search his residence and freely told the police that the sheet that was on his bed the night of the crime was in a dresser drawer. The prosecutrix testified that she was raped a number of times on this bed and that it "hurt". The other sheet was removed from the bed by the police.
The bedsheets were properly admitted into evidence to illustrate what the prosecutrix claimed occurred. Allford v.State, 31 Ala. App. 62, 12 So.2d 404, cert. denied, 244 Ala. 148, 12 So.2d 407 (1943); Cox v. State, 280 Ala. 318,193 So.2d 759 (1967); Seals v. State, 271 Ala. 142, 122 So.2d 513 (1960);Aaron v. State, 271 Ala. 70, 122 So.2d 360 (1960); Roberts v.State, 346 So.2d 473 (Ala.Cr.App.), cert. denied, 346 So.2d 478
(Ala. 1977); Kendrick v. State, 55 Ala. App. 11, 312 So.2d 583
(1975). The sheets were properly identified as coming from the bed of the appellant where the rape occurred, and they tended to show the commission of the crime and the manner in which it was committed because they contained blood and semen. The fact that the toxicologist could not match the blood to that of the prosecutrix went to the credibility of the evidence and not its admissibility.
Under the appellant's own confession he is guilty of the offense charged, Huggins v. State, 41 Ala. App. 548,142 So.2d 915 (1962), consent being no defense to a prosecution under our carnal knowledge statute. Powell v. State, 53 Ala. App. 30,297 So.2d 163 (1974).
After the trial court had advised the appellant of his right to appeal the appellant responded:
 "No, sir, I know I was wrong and I want to pay for what I did."
The appellant was convicted of an utterly debase and corrupt act revealing a lack of moral, sexual and social restraint totally shocking to this court. Despite our revulsion to the crime we have searched the transcript for error and found none. The appellant both at trial and before this court has been well represented by court appointed counsel who diligently and admirably defended a client not of his own choosing in the best traditions and standards of the legal profession.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.