The defendant was indicted and convicted for rape in the first degree. Section 13A-6-61, Alabama Code 1975 (Amended 1977). Sentence was 99 years' imprisonment.
 I
The prosecutrix did not testify. On appeal, the defendant maintains that the complaint she made identifying her assailant should not have been admitted into evidence because it was not part of the res gestae. We disagree.
On the afternoon of the 14th of March 1980, Mrs. Nell Nichols went to the home of her neighbor, the 78 year old prosecutrix. The prosecutrix was sitting in a chair and appeared normal. Mrs. Nichols observed the defendant coming out of the prosecutrix's home with a water bucket. Earlier, Mrs. Nichols had seen the defendant getting coal for the prosecutrix.
Mrs. Nichols left the prosecutrix and went to the home of another neighbor where she was going to build a fire. Sometime thereafter, anywhere from thirty minutes to one hour and one-half, Mrs. Nichols' nine year old daughter came running and told her that she had better see about the prosecutrix. Mrs. Nichols testified:
 "My little girl came over and she said, `Mama, mama,' she say, `You come on and see about Mrs. —,' I said, `Wait a minute, Barbara. I will make a fire and be there in a minute.' She said, `You come on now.'"
Mrs. Nichols put the paper in the heater to start the fire which took "no time at all." Mrs. Nichols then went "straight" to check on the prosecutrix and found her upset and crying in the bedroom and "pulling up her clothes."
Mrs. Nichols testified that when she entered the bedroom the prosecutrix asked her why she did not help her.
 "She asked me, `John Nell (Mrs. Nichols), how come that you didn't hear me?' She said, `That man was over here ravishing me.' She said, `How come you didn't come and help me?' I told her that I didn't hear her."
On redirect examination, Mrs. Nichols testified that the prosecutrix told her "that Dooley (defendant) had ravished her." The trial judge allowed this testimony as a "fresh report" over the objection of defense counsel that it was hearsay.
This Court recently considered this same legal issue inHarris v. State, 394 So.2d 96 (Ala.Cr.App. 1981).
 "In a prosecution for rape, evidence of the complaint of the prosecutrix is admissible. C. Gamble, McElroy's Alabama Evidence, Section 178.01 (3rd ed. 1977). However, the details and particulars of that complaint cannot ordinarily be introduced. Allford v. State, 244 Ala. 148, 12 So.2d 407 (1943). An exception to this rule is that `the full details of the complaint are admissible if the complaint is admissible as a spontaneous exclamation under that particular exception to the hearsay rule.' McElroy at Section 180.01. Res gestae is a term of `convenient obscurity' often used to describe this exception. *Page 173 Illinois Central R.R. v. Lowery, 184 Ala. 443, 63 So. 952 (1913).
 "To be admissible under this exception, the statement must be spontaneous. The `question of spontaneity is to be decided upon the facts and circumstances of each individual case and such a determination is a question for the trial judge' whose action in admitting the statement should not be held to be error unless this Court would be justified in concluding that under all and any reasonable interpretation of the facts the exclamation could not have been spontaneous. McElroy at Section 265.01 (2)."
Considering the degree of startlingness of the occurrence, how much time passed after the occurrence but before the statement was made, the effect of intervening events, if any, the nearness of the place where the statement was made to the place of the occurrence, the condition of the declarant, the content of the statement itself, and all other factors relating to whether the declarant was under the stress of a nervous excitement at the time the statement was made, see McElroy at Section 265.01 (2), we conclude that the trial judge acted within the legitimate bounds of his discretion in admitting the details of the complaint as a spontaneous exclamation. Harris, supra.
 II
The defendant complains of the severity of the 99 year sentence he received. Rape in the first degree is a Class A felony which carries a sentence of life imprisonment or not more than 99 years or less than 10 years. The trial judge reviewed a presentence report before passing sentence.
This Court has no jurisdiction to review sentences within the statutorily prescribed limits. Brown v. State, 392 So.2d 1248
(Ala.Cr.App.), cert. denied, Ex parte Brown, 392 So.2d 1266
(Ala. 1980).
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.