LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (appellant) guilty of robbery in the first degree as charged in an indictment, and the court sentenced her to imprisonment for 30 years, assessed a fine against her of five thousand dollars and ordered her to make restitution in the sum of thirty-eight dollars to the victim of the robbery.
No contention is made as to the sufficiency of the evidence to support the verdict, any rulings made by the trial court or anything that occurred prior to the rendition of the verdict, and we find no reasonable basis for any such contention. Unfortunately, the trial judge who called the case for trial and presided during the process of selecting the jury became ill and was replaced by another regular judge of the circuit, who presided over the case until it was completed and an appeal taken.
Appellant’s only contention is as to the sentence and as to what transpired while defendant was being sentenced. He contends that in reality there was no “sentence hearing” as contemplated by Rule 2(b)(2), Alabama Rules of Criminal Procedure— Temporary Rules, which provides:
“Upon a determination of guilt the court shall conduct a sentence hearing and pronounce sentence, or shall set a date for sentence hearing and pronouncement of sentence.”
The transcript of the proceedings shows that the jury was discharged in the case at 1:00 P.M. on February 10, 1982, and that at 1:05 P.M. the following occurred:
“SENTENCING
“THE COURT: Mrs. Green approach the bench with your attorney please. All right Mrs. Green, you’ve heard the verdict of the jury, in this case, finding you guilty of Robbery in the First Degree as charged in the indictment. I hereby adjudge you guilty of Robbery in the First Degree as charged in the indictment in this case.
“How old are you?
“THE DEFENDANT: Twenty-nine.
“THE COURT: Twenty-nine. What’s your date of birth?
“THE DEFENDANT: 9-21-52.
“THE COURT: How is your health, besides being pregnant?
“THE DEFENDANT: I have low blood.
“THE COURT: Do you have a trade, occupation, or line of work that you normally engage in?
“THE DEFENDANT: Yes, I do have; a beautician.
“THE COURT: Were you in jail, at any time, on this case?
“THE DEFENDANT: Yes, sir.
*340 “THE COURT: How long?
“THE DEFENDANT: It was about five days or four days; I’m not sure, sir.
“THE COURT: All right, you were arrested on — in Opelika on the 20th or the 21st.
“THE DEFENDANT: 21st.
“MRS. ROBERTS [Prosecuting Attorney]: Judge, my file shows a bond made on the 24th of April.
“THE COURT: I show 24 of April; is that correct?
“THE DEFENDANT: Sir?
“THE COURT: The 24th of April would be the day you got out — the day your bond is dated?
“THE DEFENDANT: Yes, sir.
“THE COURT: Are you presently serving time on any other sentence? You are not on bond?
“MR. PICKARD: [Defendants Attorney]: She’s not.
“THE COURT: Mrs. Green, do you have anything to say as to why the sentence of law should not, now, be pronounced upon you?
“MR. PICKARD: Judge, I would like to say something in her behalf.
“THE COURT: All right.
“MR. PICKARD: I would like to ask that sentence be deferred imposition of the sentence. She has two children, here in Birmingham, now, one fifteen months and one eight years old. She has not made plans or arrangements for anybody to take care of these children. At this time, I would like to say she knew what she was faced with when she came down here, she did come. I think if you continue her on her same bond, they’re relatives who have put their property up and I feel confident that she will come and not let them suffer the consequences of forfeiture.
“THE COURT: Your grounds for requesting a deterrence of sentence is that she has two minor children that she needs to make arrangements for?
“MR. PICKARD: Yes, sir.
“THE COURT: If that’s the grounds of your request, I’ll deny it, Mr. Pickard. “Mrs. Green, do you have anything you would like to say before I pronounce the sentence of law upon you?
“THE DEFENDANT: No, just what he had to say, to get my children situated because they are so small.
“THE COURT: All right, do you have anything else to say as to why the sentence should not, now, be pronounced?
“THE DEFENDANT: No.
“THE COURT: All right, Patricia Marie Green, it is the judgment and sentence of the Court and I hereby sentence you to a term of imprisonment in the State Penitentiary for 30 years, assess against you a fine of five thousand dollars, order you to make restitution in the sum of thirty-eight dollars to Virginia S. Roberts, (sic) the victim in this case and I condition any parole consideration upon — or your parole, as a special condition in your parole that you receive the payment of restitution to Virginia Roberts in the sum of thirty-eight dollars.
“You have the right to appeal your conviction to the Alabama Court of Criminal Appeals by giving oral notice of appeal at this time, or written notice of appeal filed with the Court within 42 days of today’s date or the Court ruling on a timely filed motion for a new trial. If you are indigent, you will have a right to apply to the Court for a free transcript of the proceedings in this case and a free attorney. If the Court finds you indigent, those will be provided at State expense. Do you give—
“MR. PICKARD: She does give oral notice of appeal and asks that she be appointed an attorney to represent her; she’s indigent, and to be provided a free transcript.
“THE COURT: I’ll note your oral notice of appeal and let’s see you were hired in this case, I believe, Mr. Pickard.
“MR. PICKARD: I was.
“THE COURT: In as much as she has retained you, I will require that you file a written affidavit of hardship to support her request for a free attorney.
*341 “MRS. ROBERTS: Judge, if I might point out to the Court, the victim’s name is Virginia S. Brooks; not Roberts.
“THE COURT: Excuse me, Virginia S. Brooks; I’m sorry. Would you take custody of Mrs. Green and ask a deputy to come over, please?
“(All proceedings ended on February 10, 1982, at 1:10 P.M.)”
Appellant emphasizes the apparent fact that the entire sentencing procedure took less than five minutes in arguing that the sentence hearing was not conducted as required by Rule 2(b)(2), and appellee responds by saying that the argument “that a five-minute hearing was not sufficient has no basis in the law,” and that “Appellant failed to object to the proceeding at the time of sentencing and therefore did not preserve anything for this Court to review.”
Appellant also contends that the punishment imposed by the Court is not in accord with Rule 6(c), Alabama Rules of Criminal Procedure — Temporary Rules, which provides:
“The court shall impose such punishment as is appropriate, consistent with the protection of the public, the prevention of offenses, and the gravity of the offense.”
Appellee correctly replies that the punishment imposed is within the statutory limits prescribed and that “it is not within the jurisdiction of this Honorable Court to review sentences within the statutory limit.” As to this, appellee relies upon Wallace v. State, Ala.Cr.App., 408 So.2d 171, cert. denied, 408 So.2d 173 (Ala.1982), in which it is stated at 408 So.2d 173:
“The defendant complains of the severity of the 99 year sentence he received. Rape in the first degree is a Class A Felony which carries a sentence of life imprisonment or not more than 99 years or less than 10 years. The trial judge reviewed a presentence report before passing sentence.
“This Court has no jurisdiction to review sentences within the statutorily prescribed limits. Brown v. State, 392 So.2d 1248 (Ala.Cr.App.), cert. denied, Ex parte Brown, 392 So.2d 1266 (Ala.1980).”
We agree in general with the views of appellee that it is not within the province of this Court to determine whether the punishment imposed by the court was too severe under all the circumstances or that defendant was not accorded all of her rights prescribed by Alabama Rules of Criminal Procedure — Temporary Rules. However, we are convinced that there was no complete meeting of the minds of the trial judge on the one hand and defendant and her counsel on the other as to what was taking place during the period in which the punishment was imposed and the sentence pronounced. For a proper review of the questions presented on this appeal, we conclude that the case should be remanded to the trial court with directions that another sentence hearing be conducted and that the trial court will again fix the punishment and pronounce sentence in accordance with what it determines upon such hearing. The trial court shall make return to this order of remandment with notice to the parties; either party shall have fifteen days from the return to file further brief and argument in this Court and the opposing party will have ten days thereafter within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
HARRIS, P.J., and TYSON and BARRON, JJ, concur.
DeCARLO and BOWEN, JJ, dissent.