502 So.2d 694 (1986)
Ex parte James Edward ELLIS
(Re: James Edward Ellis v. State).
85-908.
Supreme Court of Alabama.
December 19, 1986.
William P. Cobb II of Balch & Bingham, Montgomery, for petitioner.
Charles A. Graddick, Atty. Gen., and Beatrice E. Oliver, Asst. Atty. Gen., for respondent.
BEATTY, Justice.
This Court granted certiorari to determine whether the Court of Criminal Appeals was correct in affirming the conviction, and the ensuing fine, of the petitioner under the peculiar facts of his case. That court affirmed without opinion; 486 So.2d 521, however, the petitioner has presented to this Court a Rule 39(k), A.R.A.P., statement of facts, which was presented to the Court of Criminal Appeals with his application for rehearing.
Indeed, the facts of this case are undisputed. On December 10, 1984, Judge William R. King, District Judge of Crenshaw County, issued the following order announcing the policy of his court in traffic cases:
"It is the order of this Court that in all traffic cases in which a radar detector was in the automobile, whether in use or not, the fine shall be $50.00 above the normal fine assessed for that violation."
Subsequently, on August 28, 1985, the petitioner was convicted of speeding in *695 Crenshaw County, in violation of Code of 1975, § 32-5A-171. He paid into court the sum of $117, which amount included an additional sum of $50 over and above the normal fine, $67, assessed for that offense. The basis for this additional fine was revealed at petitioner's trial on August 28, 1985. The testimony indicated that when the petitioner was stopped for speeding, the arresting officer found a radar detector disconnected and lying on the floorboard of petitioner's car and that the officer endorsed the traffic citation with the notation, "radar detector in use." The circuit clerk of Crenshaw County testified at the hearing that the additional fine was imposed by her, as magistrate, because of the district court's order. It is the propriety of that order that we are asked to review.
The State argues the justification of this order as follows:
"The evidence presented to the Court at the trial in the above styled case was undisputed and unquestioned that the only use or purpose of a radar detector device as was used by Petitioner was to allow a person using the public highways of this state an opportunity to detect the speed detection devices used by our State Troopers or other law enforcement officers.
"The State submits that Petitioner in using a radar detection device was intentionally attempting to violate the state traffic laws and fully intended to violate the laws of this state as they pertain to maximum speed limits on the public highways. There can be no other logical or common sense purpose for the use of such a radar detector device.
"The State further submits that the Court properly used its judicial discretion in setting the fine for the punishment of Petitioner for violation of § 31-5A-171, Code of Alabama, 1975 in that the Court's previous orders and policy regarding persons speeding in Crenshaw County whose vehicles contain, in use, a radar detector device is a policy which is constitutional, legal, just and well within the limits of discretion given the Court by the Legislative enactment of § 32-5A-171.
"It is a legitimate consideration of setting a fine within the statutory limitation to take into consideration that the defendant made preparation of intent to commit a crime."
Assuming, arguendo, the accuracy of the State's argument concerning the evidence, and the conclusions expressed pertaining to the purpose for using a radar detector, we, nevertheless, must determine whether the trial court's order was within his authority. We find that it was not.
Admittedly, the facts disclose a paradox. A radar detection device is just that, a machine engineered to disclose the proximity of radar surveillance. Although some persons might, indeed, use such a device as a means of security, feeling comfort that police are nearby, we may presume that its more common utility is to detect the proximity of law enforcement officers, with the view of giving warning of a speed-controlled area of highway.
The paradox is in this: While speeding itself is a violation of statute, the possession and use of a radar detection device is not. That is to say, the manufacture, sale, installation, or operation of a radar detector has not been determined by the legislature to be a public offense, and thus no legislative sanction has been applied to such a device. Therefore, even though the operation of a radar detector may aid its operator to evade the traffic laws, nevertheless, his so doing is in and of itself not illegal. A fortiori, the possession of a radar detector is not unlawful. Thus, we are confronted with one of the contradictions which exist in an open, democratic, free enterprise society.
The fact that the amount of the fine imposed here was within the statutory limits of Code of 1975, § 32-5A-8, does not control, simply because the trial court has used a constitutionally impermissible means of enhancement of the penalty for a speeding offense. That court clearly has by judicial order created an additional fine, which, under Article III, Constitution of *696 1901, can be enacted only by the legislature. But, at present, there is no public offense of "speeding while in the possession of or use of a radar detector." The creation of such an offense is a legislative prerogative. Cf. Livingston v. State, 419 So.2d 270 (Ala.Crim.App.1982).
Having decided that the fine imposed in this case was illegal for the reason expressed above, we pretermit discussion of other issues presented, i.e., the absence of discretion disclosed by the imposition of a uniform order, the lack of due process of law, and the absence of equal protection of the laws.
The judgment of the Court of Criminal Appeals is reversed and this cause is remanded to that court, which is directed to remand the cause to the District Court of Crenshaw County for an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
At first blush, it appears that the majority is correct in determining that the district court was without authority to impose a higher fine on speeding motorists who had radar detection devices in their cars, but because the sentence imposed is within the limits set by the legislature, I am of the opinion that the sentence is legal; therefore, I must respectfully dissent.
Petitioner was convicted of speeding, a violation of Code 1975, § 32-5A-171. The legislature has provided that the penalty for violation of this law is as follows:
"§ 32-5A-8. Violations as misdemeanor; penalties.
"(a) It is a misdemeanor for any person to violate any of the provisions of this chapter or of Title 32, unless such violation is by this chapter or other law of this state declared to be a felony.
"(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided, shall for a first conviction thereof be punished by a fine of not more than $100.00 or by imprisonment for not more than 10 days; for conviction of a second offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $200.00 or by imprisonment for not more than 30 days or by both such fine and imprisonment; for conviction of a third or subsequent offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $500.00 or by imprisonment for not more than three months or by both such fine and imprisonment. (Acts 1980, No. 80-434, p. 604, § 14-101.)"
Code 1975, § 32-5A-8.
I am quite aware of the provisions of Rule 19, Rules of Judicial Administration, which provides for "suggested fines" as follows:
"Schedule of Fines.
"(1) All courts shall post a schedule of fines and costs for minor traffic infractions. This schedule shall be distributed to all law enforcement agencies and officers operating within the jurisdiction of the court and shall be prominently displayed in the offices of the magistrates and clerks of court.
"(2) Schedule of Fines.

"(a) Schedule of Fines. The following fines are suggested for traffic infractions in district and municipal courts:
"* * *
"Speeding (unaggravated cases) $20.00."
As is clear from the provisions of Rule 19 itself, however, the scheduled fines "are suggested for traffic infractions in district and municipal courts"; they are not mandated.
While I do not question the power of this Court to conduct a review of all sentences in all criminal cases, the majority opinion is *697 not bottomed on this legal principle, but upon the principle that the district court was without jurisdiction to enhance petitioner's fine because to do so would make the possession of a radar detection device illegal. With all deference to the other members of the Court, I believe the district court did not make it a crime for the petitioner to possess a radar detection device, but did impose a higher fine on him because he possessed the device.
A district court judge is a constitutional officer and is elected by the people of the county in which he serves. The legislature has authorized a fine for speeding, which the district court did not exceed. Uniformity in sentencing is a laudable goal, and numerous studies have been conducted on ways and means to get more uniformity in sentencing, but this Court and the Court of Criminal Appeals are constantly faced with cases in which the same criminal conduct has resulted in a higher sentence in some circuits than in others; nevertheless, we have consistently refused to set the sentences aside if they are within the statutory limits.
Consequently, I believe the majority incorrectly holds that Judge King, in effect, convicted petitioner of "speeding while in the possession of or use of a radar detector." The record affirmatively shows that petitioner was convicted and sentenced for "speeding," and that the sentence imposed on him was within the limits set by the legislature for "speeding."
By dissenting in this case, I do not suggest that I would have sentenced the petitioner to pay a higher fine than I would have assessed for other speeders, but having said that, I quickly add that I believe the trial judge had authority to do so, and that I would not revise his discretion, because the current law states that an appellate court does not review a sentence imposed by a trial court when it is within the limits prescribed by the legislature. Wallace v. State, 408 So.2d 171 (Ala.Cr.App.1981), cert. den., 408 So.2d 173 (Ala.1982).
By dissenting, I also do not suggest that I do not favor sentence review, because the principle of equality of sentencing is a laudable goal, although one difficult to obtain, because of the fact that sentences are imposed by judges, and judges are human and do not always agree on what is just and right in any particular case.
In this connection, I point out that an Advisory Committee on Rules of Criminal Procedure has presented to this Court for consideration and adoption a proposed rule which would authorize sentence review as to cases "in which a sentence of more than 5 years" was given, "upon timely application of the defendant" (see, Draft of Proposed Rules of Criminal Procedure, January 1983, Rule 31.2(a)), but I am not aware of any proposed law or court rule which would provide for a sentence review of fines imposed by district courts for traffic infractions.
While petitioner has adequately demonstrated that he received a higher fine at the hands of Judge King than he would probably have received had he appeared before another district judge, in another county, that does not affect the legality of the sentence. Judge King, as a constitutional officer, was authorized to impose a fine for speeding which did not exceed that authorized by the legislature.
Based on the foregoing, I must respectfully dissent.