At first blush, it appears that the majority is correct in determining that the district court was without authority to impose a higher fine on speeding motorists who had radar detection devices in their cars, but because the sentence imposed is within the limits set by the legislature, I am of the opinion that the sentence is legal; therefore, I must respectfully dissent.
Petitioner was convicted of speeding, a violation of Code 1975, § 32-5A-171. The legislature has provided that the penalty for violation of this law is as follows:
"§ 32-5A-8. Violations as misdemeanor; penalties.
 "(a) It is a misdemeanor for any person to violate any of the provisions of this chapter or of Title 32, unless such violation is by this chapter or other law of this state declared to be a felony.
 "(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided, shall for a first conviction thereof be punished by a fine of not more than $100.00 or by imprisonment for not more than 10 days; for conviction of a second offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $200.00 or by imprisonment for not more than 30 days or by both such fine and imprisonment; for conviction of a third or subsequent offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $500.00 or by imprisonment for not more than three months or by both such fine and imprisonment. (Acts 1980, No. 80-434, p. 604, § 14-101.)"
Code 1975, § 32-5A-8.
I am quite aware of the provisions of Rule 19, Rules of Judicial Administration, which provides for "suggested fines" as follows:
"Schedule of Fines.
 "(1) All courts shall post a schedule of fines and costs for minor traffic infractions. This schedule shall be distributed to all law enforcement agencies and officers operating within the jurisdiction of the court and shall be prominently displayed in the offices of the magistrates and clerks of court.
"(2) Schedule of Fines.
 "(a) Schedule of Fines. The following fines are suggested for traffic infractions in district and municipal courts:
"* * *
"Speeding (unaggravated cases) $20.00."
As is clear from the provisions of Rule 19 itself, however, the scheduled fines "are suggested for traffic infractions in district and municipal courts"; they are not mandated.
While I do not questionthe power of this Court to conduct a review of all sentences in all criminal cases, the majority opinion is *Page 697 
not bottomed on this legal principle, but upon the principle that the district court was without jurisdiction to enhance petitioner's fine because to do so would make the possession of a radar detection device illegal. With all deference to the other members of the Court, I believe the district court did not make it a crime for the petitioner to possess a radar detection device, but did impose a higher fine on him because he possessed the device.
A district court judge is a constitutional officer and is elected by the people of the county in which he serves. The legislature has authorized a fine for speeding, which the district court did not exceed. Uniformity in sentencing is a laudable goal, and numerous studies have been conducted on ways and means to get more uniformity in sentencing, but this Court and the Court of Criminal Appeals are constantly faced with cases in which the same criminal conduct has resulted in a higher sentence in some circuits than in others; nevertheless, we have consistently refused to set the sentences aside if they are within the statutory limits.
Consequently, I believe the majority incorrectly holds that Judge King, in effect, convicted petitioner of "speeding while in the possession of or use of a radar detector." The record affirmatively shows that petitioner was convicted and sentenced for "speeding," and that the sentence imposed on him was within the limits set by the legislature for "speeding."
By dissenting in this case, I do not suggest that I would have sentenced the petitioner to pay a higher fine than I would have assessed for other speeders, but having said that, I quickly add that I believe the trial judge had authority to doso, and that I would not revise his discretion, because the current law states that an appellate court does not review a sentence imposed by a trial court when it is within the limits prescribed by the legislature. Wallace v. State, 408 So.2d 171
(Ala.Cr.App. 1981), cert. den., 408 So.2d 173 (Ala. 1982).
By dissenting, I also do not suggest that I do not favor sentence review, because the principle of equality of sentencing is a laudable goal, although one difficult to obtain, because of the fact that sentences are imposed by judges, and judges are human and do not always agree on what is just and right in any particular case.
In this connection, I point out that an Advisory Committee on Rules of Criminal Procedure has presented to this Court for consideration and adoption a proposed rule which would authorize sentence review as to cases "in which a sentence of more than 5 years" was given, "upon timely application of the defendant" (see, Draft of Proposed Rules of Criminal Procedure, January 1983, Rule 31.2(a)), but I am not aware of any proposed law or court rule which would provide for a sentence review of fines imposed by district courts for traffic infractions.
While petitioner has adequately demonstrated that he received a higher fine at the hands of Judge King than he would probably have received had he appeared before another district judge, in another county, that does not affect the legality of the sentence. Judge King, as a constitutional officer, was authorized to impose a fine for speeding which did not exceed that authorized by the legislature.
Based on the foregoing, I must respectfully dissent.